███████████████████████████

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

|  |  |
|---|---|
| IMAGE PROCESSING TECHNOLOGIES, LLC, | |
| *Plaintiff*, | Case No. 2:20-cv-00050-JRG-RSP |
| v. | **JURY TRIAL DEMANDED** |
| SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG ELECTRONICS AMERICA, INC. | ████████████████████ |
| *Defendants*. | |

## <u>PLAINTIFF IMAGE PROCESSING TECHNOLOGIES, LLC'S MOTIONS *IN LIMINE*</u>

███████████████████████

# TABLE OF CONTENTS

MIL NO. 1:   PRECLUDE SAMSUNG FROM MENTIONING (1) DISMISSED OR NON-ASSERTED CLAIMS OR PATENTS, AND (2) CLAIMS OR PATENTS PENDING IN THE OTHER CASE ..............................1

MIL NO. 2:   PRECLUDE SAMSUNG FROM MENTIONING ANY PTO PROCEEDINGS RELATING TO THE PATENTS OR CLAIMS NOW OR PREVIOUSLY PENDING IN EITHER CASE ....................................1

MIL NO. 3:   PRECLUDE SAMSUNG FROM PRESENTING ARGUMENTS THAT DO NOT CONFORM TO THE COURT'S CLAIM CONSTRUCTION ORDER, OR THAT REFERENCE POSITIONS TAKEN DURING CLAIM CONSTRUCTION OR THE COURT'S STATEMENTS IN THE ORDER .................................................2

MIL NO. 4:   PRECLUDE SAMSUNG AND ITS WITNESSES FROM DISPARAGING IMAGE PROCESSING'S AND GPC'S STRUCTURE, BUSINESS MODEL, AND PATENT ENFORCEMENT PRACTICES ...............................................3

MIL NO. 5:   PRECLUDE SAMSUNG FROM MENTIONING THE POSSIBILITY OF INJUNCTIVE RELIEF OR THE ACTUAL OR POTENTIAL IMPACT OF A VERDICT ON SAMSUNG OR THE MARKET .................................................................3

MIL NO. 6:   PRECLUDE SAMSUNG FROM MENTIONING UNCONSUMMATED LICENSES TO THE ASSERTED PATENTS AND ANY RELATED NEGOTIATIONS ...........................................4

MIL NO. 7:   PRECLUDE SAMSUNG FROM MENTIONING SALES OR EFFORTS TO SELL THE ASSERTED PATENT, AND ANY RELATED NEGOTIATIONS .................................................................5

MIL NO. 8:   PRECLUDE SAMSUNG FROM DISCUSSING NON-INFRINGING ALTERNATIVES NOT DISCLOSED DURING FACT DISCOVERY ...........................................................................6

MIL NO. 9:   EXCLUDE ANY EVIDENCE OR ARGUMENT COMPARING THE PREFERRED EMBODIMENTS OR ANY COMMERCIAL EMBODIMENT OF THE ASSERTED PATENTS TO THE ACCUSED INSTRUMENTALITIES .......................................................7

MIL NO. 10:   PRECLUDE SAMSUNG FROM PRESENTING A "PRACTICING PRIOR ART" DEFENSE, OR COMPARING PRIOR ART TO IMAGE PROCESSING'S INFRINGEMENT THEORIES .................................................................................7

MIL NO. 11:   PRECLUDE TESTIMONY BEYOND OR CONTRADICTING SAMSUNG'S RULE 30(B)(6) TESTIMONY, OR NOT PROVIDED DURING FACT DISCOVERY .......................................8

i

MIL NO. 12: PRECLUDE SAMSUNG'S RELIANCE ON ██████████ ██████████ ................................................................9

MIL NO. 13: PRECLUDE BOTH PARTIES FROM REFERENCING *DAUBERT* RULINGS IN ANY CASES ..................................................10

MIL NO. 14: PRECLUDE SAMSUNG FROM PRESENTING NON-COMPARABLE LICENSES..............................................................11

MIL NO. 15: PRECLUDE SAMSUNG FROM RELYING ON A BELIEF OF NONINFRINGEMENT OR INVALIDITY, OR ANY EVIDENCE NOT DISCLOSED IN ITS INTERROGATORY RESPONSE ...........................12

MIL NO. 16: PRECLUDE SAMSUNG FROM REFERRING TO PRODUCTS THAT ARE NOT ACCUSED OR PRESENTING EVIDENCE THAT UNACCUSED PRODUCTS DO NOT INFRINGE.................................12

MIL NO. 17: PRECLUDE REFERENCE TO SAMSUNG'S PATENTS OR PATENT APPLICATIONS.......................................................13

MIL NO. 18: PRECLUDE REFERENCE TO THE FOUNDING OF SAMSUNG OR IRRELEVANT ACHIEVEMENTS OF SAMSUNG, INCLUDING SAMSUNG'S CONTRIBUTIONS TO THE JOB MARKET FOR AMERICAN WORKERS ...........................13

MIL NO. 19: PRECLUDE EITHER PARTY FROM REFERENCING PATENT MARKING ..............................................................14

MIL NO. 20: PRECLUDE SAMSUNG FROM DISCUSSING ANY POST-DISCOVERY CHANGES TO ITS ACCUSED ALGORITHMS OR USE OF NON-ACCUSED ALGORITHMS ...................................14

MIL NO. 21: PRECLUDE COMMENT ON THE ABSENCE OF OVERSEAS WITNESSES.............................................................15

MIL NO. 22: PRECLUDE BOTH PARTIES FROM COMMENTING ON EXPERT REPORTS TO THE EXTENT BASED ON OTHER PATENTS OR CLAIMS, OR ON INFORMATION RELEVANT ONLY TO THE PREVIOUS HYPOTHETICAL DAMAGES NEGOTIATION ...........................................................15

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Alcatel USA, Inc. v. Cisco Systems, Inc.*,
 239 F. Supp. 2d 660 (E.D. Tex. 2002) ............................................................................... 6

*Barry v. Medtronic, Inc*.,
 No. 1-14-cv-104, 2016 WL 11677569 (E.D. Tex. Oct. 28, 2016)............................... 4, 12

*Biscotti Inc. v. Microsoft Corp.*,
 No. 2:13-01015, 2017 WL 2607882  (E.D. Tex. May 25, 2017) .................................... 11

*Catalina Lighting, Inc. v. Lamps Plus, Inc.*,
 295 F.3d 1277 (Fed. Cir. 2002)........................................................................................ 7

*ContentGuard Holdings, Inc. v. Apple, Inc.*,
 No. 2-13-cv-1112, Dkt. 897 (E.D. Tex. Sep. 4, 2015).................................................. 2, 3

*Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*,
 2016 WL 4718963 (E.D. Tex. July 12, 2016) ............................................................. 2, 4

*Dataquill Ltd. v. Huawei Techs. Co.*,
 No. 2:13-cv-633-JRG-RSP, Dkt. 148 (E.D. Tex. June 11, 2015)...................................... 8

*Datatreasury Corp. v. Wells Fargo*,
 No. 06-cv-72 (E.D. Tex. Feb. 26, 2010) ......................................................................... 13

*Deere & Co. v. Int'l Harvester Co.*,
 710 F.2d 1551 (Fed. Cir. 1983)......................................................................................... 5

*Droplets, Inc. v. Overstock.com, Inc.*,
 No. 2:11-cv-401-JRG-RSP, 2015 WL 12911770 (E.D. Tex. Jan. 9, 2015) ...................... 4

*Emerald City Mgmt., LLC v. Kahn*,
 No. 4:14-CV-00358, 2016 WL 3770960 (E.D. Tex. Jan. 14, 2016)................................. 2

*Georgia-Pacific Corp. v. United States Plywood Corp.*,
 318 F. Supp. 1116 (S.D.N.Y. 1970)............................................................................... 5, 6

*Godo Kaisha IP Bridge 1 v. Broadcom Ltd.*,
 No. 2:16-CV-134-JRG-RSP, 2017 WL 2869344  (E.D. Tex. Apr. 20, 2017)................. 15

*Intellectual Ventures II LLC v. FedEx Corp.*,
 No. 2:16-CV-00980-JRG (E.D. Tex. Apr. 26, 2018) ........................................... 3, 10, 15

*Memry Corp. v. Ky. Oil Tech., N.V.*,
  2007 U.S. Dist. LEXIS 89645(N.D. Cal. Nov. 27, 2007)...................................9

*Metaswitch Networks Ltd. v. Genband US LLC*,
  No. 2:14-cv-744, 2016 WL 3618831 (E.D. Tex. Mar. 1, 2016).........................7

*Mobile Telcoms. Techs., LLC v. Clearwire Corp.*,
  No. 2:12-cv-308-JRG-RSP, 2014 U.S. Dist. LEXIS 11355
  (E.D. Tex. Jan. 29, 2014)...................................................................................11

*Mondis Tech., Ltd. v. LG Elecs., Inc.*,
  No. 2:07-cv-565, 2011 WL 1714304 (E.D. Tex. May 4, 2011) ...........................4

*Nanology Alpha LLC v. WITec Wissenschaftliche Instrumente und Technologie GmbH*,
  No. 6:16-CV-00445-RWS, 2018 WL 4289342 (E.D. Tex. July 11, 2018) ......................15

*Network-1 Techs., Inc. v. Alcatel-Lucent USA, Inc.*,
  No. 6:11-CV-492-RWS-KNM, 2017 WL 4864826 (E.D. Tex. Oct. 27, 2017) .................2

*Paltalk Holdings, Inc. v. Microsoft Corp.*,
  No. 06-cv-367 (E.D. Tex. Feb. 25, 2009) .........................................................13

*Parkervision, Inc. v. Qualcomm Inc.*,
  No. 3:11-CV-719-ORLTEM, 2013 WL 12152672 (M.D. Fla. Oct. 11, 2013) ...............10

*Pioneer Corp. v. Samsung SDI Co.*,
  No. 2:06-cv-384, 2008 WL 11344761 (E.D. Tex. Oct. 2, 2008).........................4

*Polaris PowerLED Tech., LLC v. Samsung Elecs. America, Inc.*,
  2:17-CV-00715-JRG, Dkt. 333 (E.D. Tex. June 7, 2019) .................................10

*Prism Techs., LLC v. T-Mobile USA Inc.*,
  No. 12-cv-124, Dkt. 482 (D. Neb. Oct. 8, 2015) ...............................................7

*Promethean Insulation Technology LLC v. Sealed Air Corporation*,
  No. 2:13-cv-1113-JRG-RSP, 2015 WL 11027036 (E.D. Tex. Aug. 14, 2015)................4

*Realtime DataLLC v. NetApp, Inc.*,
  No. 6:16-cv-00961-RWS-JDL (E.D. Tex. Dec. 20, 2017) ...............................13

*Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*,
  No. 2:13-CV-213-JRG-RSP, 2015 WL 627430 (E.D. Tex. Jan. 31, 2015).....................11

*Saint Lawrence Comm'ns. V. ZTE Corp.*,
  No. 15-cv-349-JRG (E.D. Tex. Mar. 2, 2017)...................................................1

*SimpleAir, Inc. v. Google, Inc.*,
  No. 2:14-cv-11-JRG, Dkt. 325 (E.D. Tex. Oct. 6, 2015).............................7, 14

*SSL Services, LLC v. Citrix Systems, Inc.*,
   940 F. Supp. 2d 480 (E.D. Tex. 2013) ............................................................... 5

*Super Future Equities, Inc. v. Wells Fargo Bank Minn., N.A.*,
   No. 3:06-cv-271, 2007 WL 4410370 (N.D. Tex. Dec.14, 2007) ....................... 8

*SynQor, Inc. v. Artesyn Techs., Inc.*,
   No. 2:07-cv-497, 2011 U.S. Dist. LEXIS 91693 (E.D. Tex. Aug. 17, 2011) .................... 9

*Tate Access Floors, Inc. v. Interface Architectural Res., Inc.*,
   279 F.3d 1357 (Fed. Cir. 2002) ......................................................................... 7

*Thompson v. Kawasaki Heavy Indus., Ltd.*,
   933 F. Supp. 2d 1111 (N.D. Ia. 2013) .............................................................. 11

*Transclean Corp. v. Bridgewood Services, Inc.*,
   290 F.3d 1364 (Fed. Cir. 2002) ......................................................................... 6

*United States v. Taylor*,
   166 F.R.D. 356 (M.D.N.C. 1996) ...................................................................... 9

**Rules**

Fed. R. Civ. P. 26(a),(b),(e) .................................................................................. 8

Fed. R. Civ. P. 30(b)(6)........................................................................................... 8

Fed. R. Evid. 401 ........................................................................................... passim

Fed. R. Evid. 402 ........................................................................................... passim

Fed. R. Evid. 403 ........................................................................................... passim

Fed. R. Evid. 408 .................................................................................................... 5

Plaintiff Image Processing Technologies, LLC ("Image Processing") respectfully moves *in limine* to exclude reference to the following matters before the jury.

**MIL NO. 1:   Preclude Samsung From Mentioning (1) Dismissed Or Non-Asserted Claims or Patents, and (2) Claims or Patents Pending in the Other Case**

Samsung should be precluded from mentioning (1) the '134 and '518 patents still at issue in the other pending case (Case No. 2:16-CV-0505-JRG), (2) the '293 patent claims that are pending in that case, or any prior Court rulings concerning such claims, or (3) any patents or claims that have been dismissed from the other case or that were never asserted in either case, including other General Patent Corporation patents.  Such patents, claims and rulings are not relevant to infringement or damages for Claim 1 of the '293 patent.  They also have no relevance to willful infringement.[1]  Any such references would confuse or prejudice the jury, and should be excluded.  Fed. R. Evid. 401, 402, 403.  *See Saint Lawrence Comm'ns. v. ZTE Corp.*, No. 15-cv-349-JRG, 2017 WL 11517123, at *3 (E.D. Tex. Mar. 2, 2017) (excluding "[a]ny references, evidence, testimony (including expert testimony), arguments . . . regarding the existence of prior claims or causes of action . . . that have been dismissed, abandoned, or dropped").

**MIL NO. 2:   Preclude Samsung from Mentioning any PTO Proceedings Relating to the Patents or Claims Now or Previously Pending in Either Case**

Samsung should be precluded from referencing any of the 9+ review proceedings that Samsung initiated in the USPTO concerning the patents/claims now or previously asserted in this case or the other (stayed) case, Case No. 2:16-CV-0505-JRG.  Plaintiff won some, Samsung won some, and the parties jointly agreed to terminate others.  Two IPRs have just been remanded to the PTAB for a complete do-over before a new panel.

---

[1] Samsung may contend that the rulings for other patents are somehow relevant to willful infringement.  But even apart from the fact that such rulings have no bearing on Claim 1, introducing any such rulings is likely to be wasteful, prejudicial and confusing.  If Samsung is allowed to introduce evidence of the Court's rulings concerning claims 18 and 29 of the '293 patent, which the Court found to be invalid, then in fairness Plaintiff should be allowed to introduce the IPR and EPR results finding those claims to be valid.  *See* MIL No. 2.

Because Samsung has withdrawn its invalidity defense in this case, these proceedings are not relevant.[2]  Sorting through those rulings, explaining them, or allowing one party selectively to mention some but not others, and allowing the other party to discuss the others, would be a giant mess, and would only confuse the jury, waste trial time, and result in prejudice.  Fed. R. Evid. 401, 402, 403; *see Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*, 2016 WL 4718963, at *2 (E.D. Tex. July 12, 2016), report and recommendation adopted sub nom, ("GRANTED. The parties may not refer to the existence, pendency, or outcome of post-grant proceedings at the USPTO."); *Contentguard Holdings, Inc. v. Amazon.com, Inc.*, No. 2:13-CV-01112-JRG, 2015 WL 11089490, at *1 (E.D. Tex. Sept. 4, 2015) (same); *Emerald City Mgmt., LLC v. Kahn*, No. 4:14-CV-00358, 2016 WL 3770960, at *4 (E.D. Tex. Jan. 14, 2016) ("Evidence of the proceedings with the USPTO is irrelevant in this lawsuit, and its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, and by considerations of undue delay.").

## MIL NO. 3:   Preclude Samsung From Presenting Arguments That Do Not Conform To The Court's Claim Construction Order, Or That Reference Positions Taken During Claim Construction Or The Court's Statements In The Order

Arguments and testimony inconsistent with the Court's claim construction are unreliable and unhelpful to the finder of fact.  *See Network-1 Techs., Inc. v. Alcatel-Lucent USA, Inc.*, No. 6:11-CV-492-RWS-KNM, 2017 WL 4864826, at *3 (E.D. Tex. Oct. 27, 2017) (citation omitted) ("[e]xpert testimony based on an impermissible claim construction is properly excluded as irrelevant and on the basis that the evidence could confuse the jury.").

The Court should also exclude arguments or evidence concerning positions taken during claim construction or the Court's reasoning or comments concerning the constructions.  There is

---

[2] Plaintiff won both an IPR and an EPR regarding Claim 1 of the '293 patent.  If any PTO proceedings are relevant at all, these are the two that would be relevant.  *See also* n.1 above.

no reason for the jury to hear them, and it would likely cause juror confusion.

**MIL NO. 4:    Preclude Samsung And Its Witnesses From Disparaging Image Processing's And GPC's Structure, Business Model, And Patent Enforcement Practices**

Samsung should be precluded from disparaging Image Processing's or its managing member General Patent Corporation's business model, which is to help inventors license and if necessary enforce their patents, providing financial means to do so while sharing in any associated revenues.  While Samsung has already agreed not to use overtly pejorative terms, such as "Troll" or similar, it also should not disparage the business practice, or Plaintiff or GPC, in any manner at all.  The jury could easily be confused into believing that there is something wrong with Image Processing's actions in enforcing patent rights.  *Bright Response, LLC v. Google Inc.,* 2:07-CV-371-CE, 2010 WL 11057072, at *1 (E.D. Tex. July 30, 2010) (granting motion *in limine* as to "patent trolls," "pirates," "playing the lawsuit lottery," and "corporate shell game"); *ContentGuard Holdings, Inc. v. Apple, Inc.*, No. 2:13-cv-1112-JRG, Dkt. 897, at 4 (E.D. Tex. Sept. 4, 2015) (granting motion *in limine* as to "patent trolls," . . . or other pejorative terms, or otherwise disparaging [patentee's] business model."); Fed. R. Evid. 401, 402, 403.

In *Intellectual Ventures II LLC v. FedEx Corp.*, No. 2:16-CV-00980-JRG, Dkt. 505 at 5-6 (E.D. Tex. Apr. 26, 2018) ("*IV II*"), the Court barred the defendant from saying Plaintiff "buys, settles and sues," or "doesn't produce anything or contribute to the economy."  While the Defendants could establish that Plaintiff did not manufacture a product based on the Asserted patents, they "will not be permitted to continually return to the topic."  *Id.*  The same rule should apply here.

**MIL NO. 5:    Preclude Samsung From Mentioning The Possibility Of Injunctive Relief Or The Actual or Potential Impact Of A Verdict On Samsung Or The Market**

Samsung should be excluded from referencing the potential legal consequences of the judgment in this case, including an injunction, attorney's fees, and treble damages, or its effect

on the general public, including higher consumer costs and potential loss of Samsung's jobs. Similarly, Samsung should not suggest that a verdict will require Samsung to modify its products, raise prices, or terminate employees, including in Texas.  Fed. R. Evid. 401, 402, 403; *see also, e.g.*, *Core Wireless*, 2016 WL 4718963, at *2 (precluding defendant from arguing that a verdict for the patentee would result in higher consumer costs); *Promethean Insulation Tech. LLC v. Sealed Air Corp.*, No. 2:13-cv-1113-JRG-RSP, 2015 WL 11027036, at *1 (E.D. Tex. Aug. 14, 2015) (testimony and evidence regarding the potential legal consequences of an injunction, treble damages, or fees precluded by agreement); *Barry v. Medtronic, Inc.*, No. 1:14-cv-104, 2016 WL 11677569, at *1 (E.D. Tex. Oct. 28, 2016) (same granted in contested motion).

**MIL NO. 6:   Preclude Samsung From Mentioning Unconsummated Licenses To The Asserted Patents And Any Related Negotiations**

Samsung should be precluded from referencing unconsummated licenses, including any negotiations therefor, because such information is irrelevant, highly prejudicial, and confusing to a jury.  Fed. R. Evid. 401, 402, 403; *Mondis Tech., Ltd. v. LG Elecs., Inc.*, No. 2:07-cv-565-TJW-CE, 2011 WL 1714304, at *5 (E.D. Tex. May 4, 2011) ("Mondis's ongoing or unconsummated settlement and licensing negotiations with the patents-in-suit are not discoverable. . . . [U]nconsummated settlement negotiation communications are not as reliable . . . without knowing the ultimate decision (i.e., the agreement or license) . . ."); *Pioneer Corp. v. Samsung SDI Co.*, No. 2:06-cv-384, 2008 WL 11344761, at *5 (E.D. Tex. Oct. 2, 2008) (probative value of negotiations and offers made under the threat of litigation clearly outweighed by the danger of unfair prejudice and confusion, and also protected under Fed. R. Evid. 408); *Droplets, Inc. v. Overstock.com, Inc.*, No. 2:11-cv-401-JRG-RSP, 2015 WL 12911770, at *2 (E.D. Tex. Jan. 9, 2015) (granting motion *in limine* regarding settlement discussions).  The exclusion should extend to the parties pre-suit negotiations, which would be protected under Fed.

R. Evid. 408.  *See Deere & Co. v. Int'l Harvester Co.*, 710 F.2d 1551, 1557–58 (Fed. Cir. 1983) (a patent owner's pre-litigation license offer to defendant is "of little or no probative value").

Note: MIL NO. 6 would not exclude discussions about licensing when the inventions were first demonstrated or Image Processing's general license terms for the patent.

**MIL NO. 7:   Preclude Samsung From Mentioning Sales Or Efforts to Sell The Asserted Patent, And Any Related Negotiations**

The Court should exclude all evidence relating to efforts to sell the '293 Patent.  Sales offers and prices are not mentioned in any of the *Georgia-Pacific* factors.  *Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116 (S.D.N.Y. 1970), *mod. and aff'd*, 446 F.2d 295 (2d Cir. 1971), *cert. denied*, 404 U.S. 870 (1971).  Sales are fundamentally different from licenses.  The sale of a patent simply transfers the right to *conduct* a royalty negotiation, which is even further removed from an actual license negotiation.  *See SSL Services, LLC v. Citrix Sys., Inc.*, 940 F. Supp. 2d 480, 490 (E.D. Tex. 2013) ("[T]he V-One valuation and patent-portfolio sale took place under the 'very different' circumstances of a 'fire sale' and have little influence on the assessment of patent damages.").  An *unconsummated* sale has even less probative value.

### 1.     Judicial Foreclosure Sale

The prior owner of the '293 patent (Mr. Harbaugh) acquired the '293 patent through judicial foreclosure in partial satisfaction of a judgment he obtained against the original owner. He was the only bidder at the U.S. Marshall's sale, and acquired the '293 patent and other patents for $10,000 in December 2005, almost 6 years prior to the September 2011 date of the reasonably royalty negotiation at issue here.

Neither the manner of acquisition nor the price paid is relevant to any issue before the jury.  In determining damages under § 284 and *Georgia Pacific*, a reasonable royalty is based on "the fact of infringement," *Transclean Corp. v. Bridgewood Services, Inc.*, 290 F.3d 1364, 1375-

76 (Fed. Cir. 2002), and not the patent owner's purchase of intellectual property assets.  Neither

does a sale of the patent account in any way for the use made by Samsung of the patent.  The

"[p]urchase price is simply not a reasonable or sufficiently reliable approximation of the value of

the allegedly misappropriated intellectual property . . . ." *Alcatel USA, Inc. v. Cisco Sys., Inc.*,

239 F. Supp. 2d 660, 669-71 (E.D. Tex. 2002).

Further, a jury might easily be confused into thinking the judicial sale valuation has some

bearing on the license negotiation, when it does not.  Or they may be prejudiced in their damages

valuation by how much Mr. Harbaugh paid for the patent under the artificial conditions of a

judicial sale.  Thus, information about the foreclosure, including the foreclosure price, should be

excluded under FRE 401, 402 and 403.

### 2.    Failed Sales Efforts And Related Sales Valuations/Correspondence

The same reasoning also applies to Mr. Harbaugh's early, failed attempts to sell the

patent.  For example, Samsung's damages expert, Mr. Tate, relies on ██████████████

████████████████████████████████████████████████, as part of his

*Georgia-Pacific* Factor 1 analysis ("1. The royalties received by the patentee for the licensing of

the patent in suit, proving or tending to prove an established royalty.").  *See* Dkt. 14-2, Tate

Expert Report at ¶¶ 99-103.  These do not establish a royalty, and are irrelevant to the royalty

negotiation that would be conducted by GPC on behalf of Plaintiff (a different party) 4½ years

later.  The jury will likely also be unfairly prejudiced by the auction reserve price, which again

has nothing to do with the license negotiation.

### MIL NO. 8:   Preclude Samsung From Discussing Non-Infringing Alternatives Not Disclosed During Fact Discovery

Samsung's failure to disclose non-infringing alternatives during fact discovery is fatal to

its attempt to argue them now.  *See* D.I. 14, 15; *Prism Techs., LLC v. T-Mobile USA Inc.*, No. 12-

cv-124, Dkt. 482, *6–7 (D. Neb. Oct. 8, 2015) (striking expert reports and precluding argument

or evidence on non-infringing alternatives not disclosed during fact discovery).

**MIL NO. 9:   Exclude Any Evidence Or Argument Comparing The Preferred Embodiments Or Any Commercial Embodiment Of The Asserted Patents To The Accused Instrumentalities**

In patent infringement analysis, the only relevant comparison is between the claims of the

patent and the accused product.  *See, e.g., Catalina Lighting, Inc. v. Lamps Plus, Inc.*, 295 F.3d

1277, 1286 (Fed. Cir. 2002).   Evidence or argument from Samsung comparing preferred or

commercial embodiments of the Asserted Patents to the Accused Products, is irrelevant and, if

admitted, would be unduly prejudicial and confusing to the jury.  Fed. R. Evid. 401, 402, 403.

Therefore, it should be excluded.  *SimpleAir, Inc. v. Google, Inc.*, No. 2:14-cv-11-JRG, Dkt. 325,

at 1 (E.D. Tex. Oct. 6, 2015).

**MIL NO. 10:  Preclude Samsung From Presenting A "Practicing Prior Art" Defense, Or Comparing Prior Art To Image Processing's Infringement Theories**

Samsung should be precluded from introducing evidence or testimony concerning

"practicing the prior art" as a defense to infringement, or to compare prior art.

*First*, the Federal Circuit has "made unequivocally clear . . . that there is no 'practicing

the prior art' defense to literal infringement."  *Tate Access Floors, Inc. v. Interface Architectural

Res., Inc.*, 279 F.3d 1357, 1365 (Fed. Cir. 2002) (rejecting "practicing the prior art" as a defense

to infringement).  *See also  Metaswitch Networks Ltd. v. Genband US LLC*, No. 2:14-CV-744-

JRG-RSP, 2016 WL 3618831, at *3, *7 (E.D. Tex. Mar. 1, 2016) (excluding any suggestion or

testimony "that a party does not infringe because it 'practices the prior art.").

*Second*, this Court has granted motions *in limine* excluding attempts to "compar[e] the

prior art to infringement contentions instead of the asserted patent claims."  *Metaswitch*, 2016

WL 3618831, at *3.  Any attempt to argue that the claimed infringement would "read on the

prior art," should be precluded.  Samsung has waived its invalidity defense, and the proper comparison is between the Court's construction and the infringing technology.

### MIL NO. 11:  Preclude Testimony Beyond or Contradicting Samsung's Rule 30(b)(6) Testimony, Or Not Provided During Fact Discovery

Samsung should be precluded from (i) presenting testimony from its Rule 30(b)(6) witnesses regarding matters to which those witnesses were unable to testify at deposition; (ii) providing or relying on factual testimony that was not disclosed, although requested, during fact discovery; and (iii) presenting any evidence, testimony, opinion or argument that contradicts corporate testimony of Samsung.  Examples of testimony Image Processing seeks to exclude are:



Allowing Samsung or its experts to present or rely on such testimony would circumvent the disclosure requirements of the Federal Rules, encourage sandbagging and allow "trial by ambush."  Fed. R. Civ. P. 26(a),(b),(e), 30(b)(6); FRE 402, 403; *Dataquill Ltd. v. Huawei Techs. Co Ltd*, No. 2-13-CV-00633-JRG-RSP, 2015 WL 11109697, at *2 (E.D. Tex. June 11, 2015) (motion to preclude any evidence, etc. that contradicts defendant's 30(b)(6) deposition testimony "GRANTED as to discussions relating to non-infringing alternatives as set forth in this Court's Order on Plaintiff's Motion to Strike Portions of the Expert Reports"); *Super Future Equities, Inc. v. Wells Fargo Bank Minn., N.A.*, No. 3:06-cv-271, 2007 WL 4410370, at *8 (N.D. Tex. Dec.14, 2007) ("Federal courts have interpreted [Rule 30(b)(6)] as prohibiting a 30(b)(6) representative from disclaiming the corporation's knowledge of a subject at the deposition and

later introducing evidence on that subject."); *Memry Corp. v. Kentucky Oil Tech., N.V.*, No. C-04-03843 RMW, 2007 WL 4208317, at *4 (N.D. Cal. Nov. 27, 2007) ("As a general proposition, no party will be allowed to offer facts or documents that were not disclosed in discovery that go beyond information provided in discovery."); *see also United States v. Taylor*, 166 F.R.D. 356, 362 (M.D.N.C. 1996) (a party must "review all matters known or reasonably available to it in preparation for the Rule 30(b)(6) deposition . . . to prevent the 'sandbagging' of an opponent.").

**MIL NO. 12:  Preclude Samsung's Reliance On** ███████████████

During discovery, Samsung refused to produce royalty reports and documents showing



███████████████████████████████████████.  Samsung produced ██████████

████████████████████████████████████████████████████████████████

███████████████████████████████████████ Ex. C at 44-46;

*see also* Ex. D at 1, 3 (May 3, 2017 letter from Image Processing detailing its efforts to obtain

such discovery since October 2016; Samsung did not substantively respond).  Without the

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

████████████████████████████████, Ex. E (SAMS-IPT0321237-

45).  Yet Samsung's damages expert relies on ███████████ in assessing the reasonable royalty

in this case.  Samsung's expert and witnesses should be precluded from testifying about the

███████████████, as unfair and prejudicial to Image Processing in the absence of the

additional discovery that was requested.  Fed. R. Evid. 402, 403; *SynQor, Inc. v. Artesyn Techs., Inc.*, No. 2:07-cv-497, 2011 WL 3625036, at *10–11 (E.D. Tex. Aug. 17, 2011) (excluding defendant's late-produced evidence because the patentee was deprived from taking discovery or addressing it in its expert reports).

**MIL NO. 13:  Preclude Both Parties From Referencing *Daubert* Rulings In Any Cases**

Both parties should be precluded from referring to any rulings on *Daubert* challenges in this or prior cases.  Each case involves its own set of facts, damages theories, and legal issues, all of which are usually quite complex.  It is impossible to generalize from one case to another.

But Samsung apparently wishes to cross-examine Image Processing's damages expert based on a ruling issued in a different separate case.[3]  *See Parkervision, Inc. v. Qualcomm Inc.*, No. 3:11-CV-719-ORLTEM, 2013 WL 12152672, at *6 (M.D. Fla. Oct. 11, 2013).  The case involved very different technology, and Mr. Benoit used a completely different damages methodology.  The issue in that case was also different—whether price terms negotiated directly between the parties five years prior to the hypothetical negotiation date could be used in determining a royalty.  Further, the court allowed Mr. Benoit to revise his report and testify in that case.  To be forced to explain these issues to the jury, along with a tutorial on the ins and outs of *Daubert* law, would be a prejudicial and wasteful sideshow.

Further, *this Court* has denied a *Daubert* motion concerning Mr. Benoit filed by Samsung in a different case.  *Polaris PowerLED Tech., LLC v. Samsung Elecs. America, Inc.*, 2:17-CV-00715-JRG, Dkt. 333 at 2 (E.D. Tex. June 7, 2019).   If Samsung were allowed to mention the *Parkervision* ruling, then in fairness Plaintiff should be allowed to mention this Court's ruling.

This is why numerous courts exclude all references to *Daubert* rulings. *See, e.g., IV II*, Dkt. 505 at 3 (adopting agreed MIL and ruling that "Neither Party will refer to any motion or order to strike, exclude, or preclude testimony of any witness in other lawsuits."); *Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*, No. 2:13-CV-213-JRG-RSP, 2015 WL 627430, at *2

---

[3] In the original pretrial order submitted prior to the stay of the case, Samsung agreed to this MIL.  It also previously agreed to MILs 5 and 10.  Case No. 2:16-cv-00505-JRG, Dkt No. 263 at 14.  Now it has backtracked, for unexplained reasons.

(E.D. Tex. Jan. 31, 2015) (precluding "any references, evidence, testimony (including expert testimony), arguments regarding, or inquires attempting to elicit testimony regarding the fact that testimony or opinions offered by Mr. Roy Weinstein may have been excluded or found to be unreliable in any other lawsuits."); *Mobile Telcoms. Techs., LLC v. Clearwire Corp.*, No. 2:12-cv-308-JRG-RSP, 2014 WL 12663452, at *1 (E.D. Tex. Jan. 29, 2014) ("allowing evidence that an expert has been excluded in other cases carries a significant risk of juror confusion and unfair prejudice."); *Thompson v. Kawasaki Heavy Indus., Ltd.*, 933 F. Supp. 2d 1111, 1152 (N.D. Ia. 2013) (excluding reference to any prior adverse *Daubert* rulings).

**MIL NO. 14:  Preclude Samsung From Presenting Non-Comparable Licenses**

As set forth in Image Processing's *Daubert* motions (Dkt. 14, 15), Samsung's experts admit that ████████████████████████████ are not comparable technically.  Dkt. 14-2, Tate Expert Report ¶104; Dkt. 15-2, Stevenson Rebuttal Expert Report ¶¶62-75.  Samsung states that the licenses are relevant to show that Samsung ████████████ ████████████████████████████████████████████████████████ ████████████████████████████.  In addition, testimony about Samsung's alleged general practice ████████████████ can be accomplished by other means.   However, ████████████████████████████████████ ████████████  then in fairness Plaintiff should be allowed to introduce the amounts of lump-sum verdicts against Samsung in other patent cases.

Samsung provides no analysis of the economic comparability of the other ████████.  *Biscotti Inc. v. Microsoft Corp.*, No. 2:13-01015, 2017 WL 2607882, at *3-4 (E.D. Tex. May 25, 2017) (finding that experts "failed to provide the requisite opinion testimony in their reports analyzing the technological *and economic* comparability of the [] licenses" and such failure "thus

warrants exclusion") (italics added). ███████████████████████.[4] Allowing them

to be put on an equal footing with the patent here, without the benefit of any economic

comparability analysis, would be prejudicial.  Reference to ██████████ should be excluded.

**MIL NO. 15:  Preclude Samsung From Relying On A Belief Of Noninfringement or Invalidity, Or Any Evidence Not Disclosed in Its Interrogatory Response**

Samsung is ████████████████████████████████████

████████████████████████████████████████████

█████████████████████████████████████  *See Barry*

*v. Medtronic, Inc.*, 250 F. Supp. 3d 107, 115 (E.D. Tex. 2017) (infringer could not have formed

good faith belief that patent was invalid because it did not obtain an opinion of counsel).

In response to Plaintiff's Interrogatory No. 14 regarding willfulness, ████████

██████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████

██████████.  *See* Ex. C (6/16/17 Samsung's Amended Responses to IPT's Interrogatories

8, 14, 17–18, 20, 22). ████████████████████████████

██████████████████████████.  Samsung is bound to its

interrogatory response, and cannot discuss its investigation, analyses or conclusions at trial.

**MIL NO. 16:  Preclude Samsung From Referring To Products That Are Not Accused Or Presenting Evidence That Unaccused Products Do Not Infringe**

Argument regarding unaccused products would be an irrelevant "sideshow" that would

confuse the jury and punish Image Processing for presenting a streamlined case.  *See*

*Datatreasury Corp. v. Wells Fargo*, No. 2:06-cv-72, 2010 WL 11538713, at \*6, \*20–21 (E.D.

Tex. Feb. 26, 2010); Fed. R. Evid. 401, 402, 403.  Such testimony would needlessly expand the case, requiring Image Processing to present complex technical arguments in response. Just because a product is not accused does not mean it does not infringe, or that it might not infringe another patent.  *Paltalk Holdings, Inc. v. Microsoft Corp.*, No. 2:06-cv-367, 2009 WL 10677783, *3-4 (E.D. Tex. Feb. 25, 2009).

**MIL NO. 17:  Preclude Reference To Samsung's Patents Or Patent Applications**

Image Processing sued Samsung for patent infringement, not the other way around. Samsung has not cited any of its own patents as prior art, and has in any event withdrawn its invalidity defense.  The existence of Samsung patents, if any, is not relevant to the issues of infringement, invalidity, damages or willfulness.  Accordingly, any reference to Samsung patents should be precluded as irrelevant, prejudicial, and likely to cause juror confusion.  FRE 401, 402, 403; *Realtime Data LLC v. NetApp, Inc.*, No. 6:16-cv-00961-RWS-JDL, Dkt. No. 301 (E.D. Tex. Dec. 20, 2017) ("No reference, argument, or evidence regarding NetApp's patents except to the extent that experts relied on NetApp's patents as they relate to damages and apportionment.").

Similarly, Samsung's Exhibit list includes documents concerning its corporate ranking for number of U.S. patents received.  (Dkt. 77-5, Exh. F (Samsung Exhibit List), Exhs. 340-49, 664-65).  In addition to evidentiary problems (authentication, hearsay, etc.), the exhibits are irrelevant to any of the issues in the case.  FRE 401, 402, 403.

**MIL NO. 18:  Preclude Reference To The Founding Of Samsung Or Irrelevant Achievements Of Samsung, Including Samsung's Contributions to The Job Market For American Workers**

Samsung should be precluded from introducing any evidence that references the founding of Samsung or irrelevant achievements of Samsung, including that it has supplied or increased jobs for American workers.   Similarly, third party reports, such as Samsung's Exhibits 334-39 and 666-67, about Samsung's achievements, suffer from the same problems, and also have

evidentiary issues (authentication, hearsay, etc.).  Such information other than basic factual introductions of the parties is irrelevant and, if admitted, would only serve to unduly prejudice Image Processing.  *See SimpleAir*, No. 2:14-cv-11-JRG, Dkt. 325, at 2 ("No evidence or argument about the founding or irrelevant achievements of Google. GRANTED."); FRE 401-03.

**MIL NO. 19:  Preclude Either Party From Referencing Patent Marking**

Neither party should be allowed to introduce evidence of marking, or lack thereof, by Plaintiff's licensees.  Plaintiff agrees not to rely on marking by its licensees as the basis for complying with the notice requirement of Section 287.  (Plaintiff relies on actual notice.)  *See* Ex. F, IPT's Response to Interrogatory No. 11, at 5-6; D.I. 231 at 3 (undisputed SOF #4). Evidence of "lack of" marking is not relevant, would prejudice and confuse the jury, and therefore should be excluded.  *See* FRE 401, 402, 403.

**MIL NO. 20:  Preclude Samsung From Discussing Any Post-Discovery Changes To Its Accused Algorithms Or Use of Non-Accused Algorithms**

Exhibit SSS to Plaintiff's technical expert's report lists all accused Samsung products that use ██████████████████████████████████████).  The exhibit is based upon the products that were identified by Samsung during fact discovery, which closed on June 16, 2017.  Dkt. 59.  On October 25, 2017, this case was stayed.  Dkt. 306.

Following the close of discovery, Samsung has produced no information about any ████████████████████████████████████████████████████████████████████ ██████████.  Indeed, Samsung refused to grant Image Processing's request to identify all subsequent products that use ████████████████, so that they could be included in the trial. Accordingly, Samsung should be precluded from discussing ████████████████████ ██████████████████████████████████████████.  *Godo Kaisha IP Bridge 1 v. Broadcom Ltd.*, No. 2:16-CV-134-JRG-RSP, 2017 WL 2869344, at *2 (E.D. Tex.

Apr. 20, 2017) (production of non-infringing alternatives after fact discovery closed – where plaintiff "would be foreclosed from conducting discovery into non-infringing alternatives without leave of court"—would be "prejudicial" and "substantial"); *Nanology Alpha LLC v. WITec Wissenschaftliche Instrumente und Technologie GmbH*, No. 6:16-CV-00445-RWS, 2018 WL 4289342, at *5 (E.D. Tex. July 11, 2018) (discussion of post-discovery non-infringing alternatives "would significantly prejudice Plaintiff").

**MIL NO. 21:  Preclude Comment On the Absence of Overseas Witnesses**

In view of COVID-19, overseas witnesses may not be able to attend trial, or even if lawfully allowed to travel, may be inhibited from travelling.  Such witnesses include the inventor, Patrick Pirim, who lives in France, IPT member Nabeel Al-Adsani, who lives in Bahrain, and Samsung witnesses who reside in Korea or Israel.  To the extent either party chooses not to bring such witnesses to trial, the other party should not be allowed to comment on their absence.  Even absent COVID-19, this Court has held, and should hold here, that "No Party will be permitted to argue or communicate to the jury in any way about the absence of any potential witness without leave of the Court." *IV II*, Dkt. 505 at 7.

**MIL NO. 22:  Preclude Both Parties From Commenting On Expert Reports to the Extent Based on Other Patents or Claims, or on Information Relevant Only to the Previous Hypothetical Damages Negotiation**

This case has been substantially narrowed from the time that expert reports were served. The expert reports all include additional patents and claims that are no longer relevant, and the narrowed allegations have changed the date of the hypothetical negotiation from 2008 to 2011. It would be unfair and confusing to permit cross-examination based upon one set of circumstances, when a different set of circumstances now prevails.  Both parties should be precluded from cross-examining on opinion changes due to changed circumstances in the case.

Dated:   April 13, 2020                              Respectfully Submitted:

                                                     By:  */s/ Michael Zachary*
                                                     S. Calvin Capshaw
                                                     State Bar No. 03783900
                                                     ccapshaw@capshawlaw.com
                                                     Elizabeth L. DeRieux
                                                     State Bar No. 05770585
                                                     ederieux@capshawlaw.com
                                                     CAPSHAW DERIEUX, L.L.P.
                                                     114 East Commerce Avenue
                                                     Gladewater, Texas 75647

                                                     Henry C. Bunsow
                                                     hbunsow@bdiplaw.com
                                                     Denise M. De Mory
                                                     ddemory@bdiplaw.com
                                                     Michael N. Zachary
                                                     mzachary@bdiplaw.com
                                                     Corey Johanningmeier
                                                     Cjohanninmeier@bdiplaw.com
                                                     Nicholas Mancuso
                                                     nmancuso@bdiplaw.com
                                                     BUNSOW DE MORY LLP
                                                     701 El Camino Real
                                                     Redwood City, CA 94063
                                                     Telephone: (650) 351-7248
                                                     Facsimile: (415) 426-4744

                                                     Attorneys for Plaintiff
                                                     *Image Processing Technologies LLC*

## CERTIFICATE OF CONFERENCE

These motions are opposed. The requirements of Rule CV-7(h) have been satisfied by the parties in conferences on April 13, 2020.  Counsel for Defendants and Plaintiff were able to confer regarding the subject matter of these motions and present their respective positions.  The parties engaged in a good faith effort to reach resolution of the issues raised in this motion but were unable to reach agreement.  The good faith discussions ended in an impasse leaving open issues for the Court to resolve.

/s/ Michael Zachary
Michael Zachary

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served April 13, 2020 with a copy of this document via the Court's CM/ECF System per Local Rule CV-5(a)(3).  Any other counsel of record will be served by electronic mail, facsimile transmission and/or first-class mail on this same date.

/s/ Michael Zachary
Michael Zachary

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

This undersigned hereby certifies that Image Processing Technologies, LLC is authorized to file this motion under seal because it contains material covered by the Protective Order approved and entered in this case on October 3, 2016 (ECF No. 38).

/s/ Michael Zachary
Michael Zachary