IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| IMAGE PROCESSING TECHNOLOGIES, LLC, § § § *Plaintiff*, § § v. § § SAMSUNG ELECTRONICS CO., LTD., § SAMSUNG ELECTRONICS AMERICA, § INC., § § *Defendants*. § | Case No. 2:20-cv-00050-JRG-RSP |

## MEMORANDUM ORDER

Before the Court are two motions. First is Plaintiff Image Processing Technologies, LLC's ("IPT") Motion for Leave to Serve Second Supplemental Expert Report of Paul C. Benoit ("Motion for Leave"). Dkt. No. 92. The second motion is Defendant Samsung Electronics Co., Ltd.'s and Defendant Samsung Electronics America, Inc.'s (collectively, "Samsung") purported Cross Motion to Strike the Second Supplemental Expert Report of Paul C. Benoit ("Motion to Strike"). Dkt. No. 104.[1]

After due consideration, the Court **GRANTS** IPT's Motion for Leave and **DENIES** Samsung's Motion to Strike. However, the Court **GRANTS** Samsung's alternative request to serve an additional supplemental damages report of its expert, Michael Tate. The Court will also permit Samsung to file a proper *Daubert* motion addressing any issues other than the timing and authorized scope of the Second Supplemental Report, which are addressed herein. These filings will be scheduled in a Second Amended Docket Control Order.

---

[1] This "cross motion" is combined with a response to the Motion for Leave in violation of L.R. CV-7(a).

I.      BACKGROUND

In Case No. 2:16-cv-00505-JRG ("Original Action"), on June 30, 2017, IPT served the Expert Report of Paul C. Benoit. Dkt. No. 26-5. On August 22, 2017, IPT served "Corrections to Report of Paul C. Benoit." Dkt. No. 26 at 7. On September 7, 2017, IPT served Supplement to the Expert Report of Paul C. Benoit. Dkt. No. 17-8. On September 9, 2017, Samsung moved to strike all of Mr. Benoit's reports ("Prior Motion to Strike"). Dkt. No. 26. On September 15, IPT moved for leave to serve supplemental expert reports ("Prior Motion for Leave"). Dkt. No. 17. Before these motions were heard, this matter was stayed. Original Action, Dkt. No. 356 at 1-2.

On February 24, 2020, the Court lifted the Original Action's stay as to Claim 1 of the '293 Patent and severed all issues and claims pertaining to Claim 1 into the present case. Dkt. 1 at 7. The Amended Docket Control Order of March 27, 2020 (Dkt. No. 62) directs IPT to serve its supplemental damages report by April 15, 2020 and directs Samsung to serve their supplemental damages report by April 29, 2020. Dkt. No. 62 at 2. IPT served the Second Supplemental Report on April 15, 2020. Dkt. No. 92 at 3. The parties were authorized to supplement their damages expert reports to "adjust mathematic calculations of damages by removing from damages calculations the sales of products not accused of infringing claim 1 of the '293 patent and to account for additional sales of the already accused products made after the date of the data used in the original expert reports." Dk. No. 3 at 4.

IPT asserts that the Second Supplemental Report updates the report as to changes resulting from narrowing of claims and the new time frame. Dkt. No. 92 at 2-4. Samsung asserts that the Second Supplemental Report goes beyond the scope allowed by the Court, or required by changed circumstances since the stay. Dkt. No. 104 at 4. Samsung asserts that IPT never sought

timely leave for an extension of the deadline to provide additional opinions in its expert report. Dkt. No. 104 at 7. Samsung identifies new theories as including Paragraphs 5, 23, 30, Table 2, and Attachments 1, 1.1, 1.2, and 1.3. *Id.* at 4.

Samsung also objects to the Second Supplemental Report updating opinions provided in Mr. Benoit's August 22, 2017 and September 7, 2017 reports. *Id.* at 5. Samsung argues that these updated opinions should be struck for reasons provided in their Prior Motion to Strike. *Id.* Samsung identifies these updates as Paragraphs 5, 15-16, 29-30, Tables 3 and 4, "the lower half of Exhibit C," Exhibits C.5 and M, and Attachments 2 and 2.1. *Id.*

## II. LEGAL STANDARD

The Court uses four factors to determine whether to permit a party to supplement an expert report after the close of expert discovery: "(1) the explanation, if any, for the party's failure to comply with the discovery order; (2) the prejudice to the opposing party of allowing the witnesses to testify; (3) the possibility of curing such prejudice by granting a continuance; and (4) the importance of the witnesses' testimony." *Raytheon Co. v. Indigo Sys. Corp.*, No. 4:07-cv-109, 2009 WL 413081, *1-*2 (E.D. Tex. Feb. 18, 2009).

## III. ANALYSIS

First, the Court will analyze the four factors to determine whether to permit the Second Supplemental Report. Second, the Court will discuss the scope of the Second Supplemental Report and Samsung's specific requests to strike.

### a. Factor 1: Explanation for supplementing after the disclosure deadline

The Amended Docket Control Order of March 27, 2020 (Dkt. No. 62) directed IPT to serve their supplemental damages report by April 15, 2020 and directed Samsung to serve their supplemental damages report by April 29, 2020. Dkt. No. 62 at 2. IPT served the Second

Supplemental Report on April 15, 2020. Dkt. No. 92 at 3. This factor weighs in IPT's favor as IPT met a deadline provided by the Court.

The Court notes that the authorization was limited solely to (1) "adjust mathematic calculations of damages by removing from damages calculations the sales of products not accused of infringing claim 1 of the '293 patent" and (2) "account for additional sales of the already accused products made after the date of the data used in the original expert reports." Dkt. No. 3 at 4. However, as stated below, the Court does not find that IPT's report exceeded these bounds in restating its damages theory.

### b. Factor 2: Prejudice to Opposing Party

IPT also argues that Samsung can respond to the points made in the Second Supplemental Report in its own supplemental damages report that was due on April 29, 2020. Dkt. No. 92 at 5. Samsung counters that the parties negotiated the schedule based on the authorized scope of supplementation, and the schedule does not provide for steps that Samsung asserts it needs to respond to IPT's new theories. Dkt. No. 104 at 11. Samsung identifies three steps: (1) additional time to draft the responsive expert report, (2) added deadlines to depose Mr. Benoit and brief a *Daubert* motion, and (3) delay the pretrial conference until briefing is complete. *Id.*

Regarding the third step, the Court has already rescheduled the pretrial conference to June 1, 2020. Accordingly, regarding the first step, the Court can mitigate any prejudice by granting Samsung time to file its own supplemental damages report. Regarding the second step, the Court can mitigate prejudice by granting an expedited briefing schedule for a *Daubert* motion. The Court will not grant an additional deposition of Mr. Benoit. Further concerns with Mr. Benoit's opinions can be addressed in Samsung's supplemental damages report and on

cross-examination. The Court finds that, given these ameliorative actions, this factor weighs in IPT's favor.

### c. Factor 3: Continuance Availability

Samsung notes that a sister court has held that a continuance will not cure prejudice where "parties have already begun filing their motions in limine and responses," and curing the prejudice would require the Court to "disrupt the . . . Final Pretrial Conference date and the . . . trial date." *Newberry v. Discount Waste, Inc.*, No. 4:19-cv-00147, 2020 WL 363775, *8 (E.D. Tex. Jan. 22, 2020).

However, the trial is nearly two months away. The Court has already ordered a rescheduling of the pretrial conference without disrupting the trial date. Accordingly, no continuance is necessary to cure prejudice. Without the necessity of a continuance to cure prejudice, this factor weighs in favor of IPT.

### d. Factor 4: Importance of Testimony

IPT will be prejudiced if the Court does not permit the Second Supplemental Report. IPT's original damages report was served on June 30, 2017. Dkt. No. 26-5. Since then, the asserted patents have been through both *Inter Partes* review and *ex parte* reexamination. Both parties' original and supplemented damages reports are outdated, and IPT will be prejudiced if the Court does not permit the Second Supplemental Report just as Samsung would be prejudiced if the Court did not permit their supplemental report. This factor also weighs in favor of IPT.

### e. Scope of the Second Supplemental Report

Samsung has identified two areas of the Second Supplemental Report that are claimed to go beyond the scope negotiated and agreed to by the parties and authorized by the Court. The first area involves new theories, and the second area involves updates of theories from previous

reports subject to *Daubert* motions.  After reviewing the briefing, the Court concludes that the supplemental report did not exceed the scope authorized by the Amended Docket Control Order.

### IV.   CONCLUSION

The Court concludes that, with the trial two months away and the pretrial conference a month away, any prejudice may be addressed by permitting Samsung to file an additional supplemental damages report and ordering an expedited *Daubert* briefing schedule. The Court therefore **GRANTS** IPT's Motion for Leave and **DENIES** Samsung's Motion to Strike.

**SIGNED this 12th day of May, 2020.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE