IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| IMAGE PROCESSING TECHNOLOGIES, LLC, § § § *Plaintiff*, § § v. § § SAMSUNG ELECTRONICS CO., LTD., § SAMSUNG ELECTRONICS AMERICA, § INC., § § *Defendants*. § | Case No. 2:20-cv-00050-JRG-RSP |

## MEMORANDUM ORDER

Before the Court is Plaintiff Image Processing Technologies, LLC's ("IPT") Conditional Motion for Leave to Supplement Expert Reports ("Motion"). **Dkt. No. 17**. IPT's Motion seeks leave to formally serve supplemental reports assertedly to address newly raised positions regarding alleged non-infringing alternatives presented by Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. ("Samsung") in their August 25, 2017 supplemental rebuttal expert report of Dr. Stevenson. *Id.* at 4. IPT has a pending motion to strike Dr. Stevenson's opinions regarding alleged non-infringing alternatives, and conditions their leave request on Samsung's ability to use those opinions at trial. *Id.*

After due consideration, the Court **GRANTS** IPT's Motion.

### I. BACKGROUND

The Motion, including briefing, was filed in the present case on March 10, 2020. The Motion was originally filed in Case No. 2:16-cv-00505-JRG ("Prior Case"), which was stayed on October 17, 2017 pending completion of *Inter Partes* Review ("IPR") involving the asserted patents. *Image Processing Technologies, LLC v. Samsung Electronics Co., Ltd. et al.*, 2:16-cv-

00505-JRG, Dkt. No. 356 at 1-2. The present case is severed from the Prior Case. Timeliness concerns relate to the filing dates and docket control orders issued in the Prior Case. A timeline of key events follows.

On February 13, 2017, during discovery in the Prior Case, IPT served a set of contention interrogatories to Samsung. Dkt. No. 17-2. These interrogatories included IPT's Interrogatory No. 20, which requests that Samsung identify non-infringing alternatives. *Id.* at 3-4.

On March 15, 2017, Samsung served an initial response to IPT's Interrogatory No. 20. Dkt. No. 17-3 at 4-6. This response denied any infringement and incorporated its responses to IPT's Interrogatories No. 8, 9, and 11. *Id.* at 5-6. Regarding IPT's Interrogatory No. 8, Samsung's response to IPT's Interrogatory No. 20 asserted that it describes "why Samsung's Accused Instrumentalities are non-infringing alternatives to claimed inventions of the asserted claims." *Id.* Regarding IPT's Interrogatory No. 11, Samsung's response to IPT's Interrogatory No. 20 asserts "components provided by licensed suppliers are themselves licensed and therefore constitute non-infringing alternatives." *Id.* at 18. The response to IPT's Interrogatory No. 20 did not directly identify any non-infringing alternatives. *Id.*

Samsung also served a response to IPT's Interrogatory No. 3. Dkt. No. 24-8 at 6-22. IPT's Interrogatory No. 3 sought identification of third-party suppliers for elements in or for the accused features. *Id.* at 6. Samsung's response to IPT's Interrogatory No. 3 identified multiple third-party suppliers, including FotoNation. *Id.* at 8-22. IPT's Interrogatory No. 3 was not referenced in Samsung's response to IPT's Interrogatory No. 20.

On June 16, 2017, Samsung served an amended response to Interrogatory No. 20. Dkt. No. 17-4. This amended response additionally incorporated by reference deposition testimony

but was otherwise identical and again did not directly identify any non-infringing alternatives. *Id.* at 4-6.

On June 30, 2017, IPT served opening expert reports. Dkt. No. 26 at 6. These reports included those of Dr. Zavadsky and Dr. Bovik, IPT's technical experts, and Mr. Benoit, IPT's damages expert. *Id.*

On July 26, 2017, Samsung served rebuttal expert reports. These reports included Mr. Michael Tate's rebuttal damages expert report (Dkt. No. 14-2) and Dr. Stevenson's rebuttal technical expert report (Dkt. 17-5). Dr. Stevenson's report included three paragraphs dedicated to available alternatives. *Id.* at ¶¶ 76-78. The report did not directly identify any non-infringing alternatives. *Id.* The report did state, "I will discuss the technical details of these alternatives in a supplement to this report, consistent with the schedule in this case." *Id.* at ¶ 76.

On August 22, 2017, IPT served Corrections to Report of Paul C. Benoit along with exhibits ("Mr. Benoit's Correction Report"). Dkt. No. 26 at 7, *see* Prior Case, Dkt. No. 215-30 and 215-31. IPT was permitted by the Court to supplement opening damages expert reports, but only to the extend necessary to address deposition testimony of Samsung witnesses Kolhatkar and Moraro and the deadline to do so was July 5, 2017. Prior Case, Dkt. No. 161 at 2.

On August 25, 2017, Samsung served Dr. Stevenson's supplemental rebuttal expert report. Dkt. No. 17-6. This supplemental report was consistent with the schedule in the Prior Case, which had an August 25, 2017 deadline in which "Samsung may serve its . . . rebuttal technical and damages witness expert disclosures related to design-arounds and non-infringing alternatives." Prior Case, Dkt. No. 195 at 3. Dr. Stevenson's supplemental rebuttal expert report identified FotoNation as a non-infringing alternative. Dkt. 17-6 at 10.

On September 7, 2017, IPT issued Supplement to the Expert Report of Paul C. Benoit ("Mr. Benoit's First Supplemental Report). Dkt. 17-8. This supplemental report addresses the supplemental reports of Dr. Stevenson and Dr. Bovik and the potential impact, including regarding FotoNation, on damages. *Id.* Of these reports, IPT's Third Supplemental Expert Report of Dr. Alan C. Bovik ("Dr. Bovik's Third Supplemental Report") asserts that the non-infringing alternatives in Dr. Stevenson's supplemental rebuttal expert report, including FotoNation, would not have been acceptable alternatives. Dkt. 17-7 at 6.

On September 9, 2017, Samsung filed their Motion to Exclude Portions of the Testimony of IPT's Damages Expert Mr. Paul C. Benoit in the Prior Case. Dkt. No. 26. On September 15, 2017, IPT filed the present Motion in the Prior Case. Dkt. No. 17.

## II.    LEGAL STANDARD

The Court uses four factors to determine whether a motion for leave to amend or supplement an expert report should be granted: "(1) the explanation, if any, for the party's failure to comply with the discovery order; (2) the prejudice to the opposing party of allowing the witnesses to testify; (3) the possibility of curing such prejudice by granting a continuance; and (4) the importance of the witnesses' testimony." *Raytheon Co. v. Indigo Sys. Corp.*, No. 4:07-cv-109, 2009 WL 413081, *1-*2 (E.D. Tex. Feb. 18, 2009).

## III.    ANALYSIS

This Motion concerns two supplemental expert reports: Dr. Bovik's Third Supplemental Report and Mr. Benoit's First Supplemental Report. Since the factual circumstances embedded in the analysis of the four factors are similar between the two supplemental expert reports, they will be addressed together as the Court proceeds through the four factors.

### a. Factor 1: Explanation for Delay

Samsung served Dr. Stevenson's Supplemental Rebuttal by the deadline for Samsung to "serve its rebuttal technical expert witness disclosures related to infringement issues and rebuttal technical and damages witness expert disclosures related to design-arounds and non-infringing alternatives." Original Action, Dkt. No. 195 at 3. IPT served IPT's Supplemental Reports by the deadline to Complete Expert Discovery. *Id.* IPT did not fail to comply with the discovery order, but rather failed to file a motion for leave to file supplemental reports until September 15, 2017. Dkt. No. 17.

Regarding supplementing with respect to non-infringing alternatives, IPT asserts that it was only able to address arguments about alleged non-infringing alternatives after they were raised in Dr. Stevenson's Supplemental Rebuttal. Dkt. No. 17 at 7. Samsung counters that Samsung's response to IPT's Interrogatory No. 20 identified Samsung's then accused products as non-infringing alternatives, and in Interrogatory No. 3 Samsung identified the face detection algorithms included in its phones, including those supplied by FotoNation. Dkt. No. 17-10 at 8.

Samsung's initial response to Interrogatory No. 20 denied any infringement and incorporated its responses to Interrogatories No. 8, 9, and 11. Dkt. No. 17-3 at 17-18. Regarding Interrogatory No. 8, Samsung's response to Interrogatory No. 20 asserted that it describes "why Samsung's Accused Instrumentalities are non-infringing alternatives to claimed inventions of the asserted claims." *Id.* Regarding Interrogatory No. 11, Samsung's response to Interrogatory No. 20 asserts "components provided by licensed suppliers are themselves licensed and therefore constitute non-infringing alternatives." *Id.* at 18. The response did not directly identify any non-infringing alternatives. *Id.*

On June 16, 2017, Samsung served an amended response to Interrogatory No. 20. Dkt. No. 17-4. This amended response additionally incorporated by reference deposition testimony but was otherwise identical and again did not directly identify any non-infringing alternatives. *Id.* at 4-6.

On July 26, 2017, Samsung served the Rebuttal Technical Expert Report of Prof. Robert Stevenson. Dkt. 17-5. In the Evaluation of Alternatives Available to Samsung to its Alleged Use of the Asserted Patents, Dr. Stevenson states he "will discuss the technical details of these alternatives in a supplement to this report, consistent with the schedule in this case" but does not name FotoNation or any other non-infringing alternatives. *Id.* at 4-5.

Samsung argues that IPT's experts were required to address non-infringing alternatives in their opening expert reports and argues that Samsung did identify non-infringing alternatives during fact discovery. However, Samsung's response to Interrogatory 20 was to point to Interrogatories 8, 9, and 11, while relying upon a combination of Interrogatory 20 with Interrogatory 3. Samsung continued to avoid naming non-infringing alternatives until August 25, 2017 in Dr. Stevenson's Supplemental Rebuttal.

Samsung argues that IPT was able to address non-infringing alternatives because IPT's source code expert Dr. Zavadsky analyzed the non-infringing FotoNation code and Dr. Bovik addressed non-infringing alternatives in his opening report but concluded that there were none. IPT's having looked at FotoNation code does not mean that IPT would know that Samsung would assert FotoNation as a non-infringing alternative.

Samsung's failure to identify its assertion of FotoNation as a non-infringing alternative until a supplemental report after Dr. Benoit's original expert damages report and deposition is a

strong reason for IPT to not include FotoNation as a non-infringing alternative. This factor weighs in IPT's favor.

### b. Factor 2: Prejudice to Opposing Party

Both Dr. Bovik's Third Supplemental Report and Mr. Benoit's First Supplemental Report were served over two years ago. Amended Docket Control Order of March 27, 2020 (Dkt. No. 62) directed IPT to serve their supplemental damages report by April 15, 2020 and directed Samsung to serve their supplemental damages report by April 29, 2020. Dkt. No. 62 at 2. Furthermore, Samsung has been granted an additional supplemental damages report of its expert, Mr. Tate. Dkt. No. 121. Accordingly, this factor weighs in IPT's favor.

### c. Factor 3: Continuance Availability

Samsung notes that a sister court has held that a continuance will not cure prejudice where "parties have already begun filing their motions in limine and responses," and curing the prejudice would require the Court to "disrupt the . . . Final Pretrial Conference date and the . . . trial date." *Newberry v. Discount Waste, Inc.*, No. 4:19-cv-00147, 2020 WL 363775, *8 (E.D. Tex. Jan. 22, 2020).

However, the trial is nearly two months away. The Court has already ordered a rescheduling of the pretrial conference without disrupting the trial date. Accordingly, no continuance is necessary to mitigate prejudice. Without the necessity of a continuance to cure prejudice, this factor weighs in favor of IPT.

### d. Factor 4: Importance of Testimony

Dr. Bovik's Third Supplemental Report is important to address the asserted non-infringing alternatives discussed in Dr. Stevenson's supplemental rebuttal expert report. Had Samsung named asserted non-infringing alternatives in their interrogatory response rather than

pointing to three other interrogatories while implying them in a fourth, these asserted non-infringing alternatives could have been addressed earlier. Accordingly, for Dr. Bovik's Third Supplemental Report, this factor weighs in IPT's favor. With respect to Dr. Bovik's Third Supplemental Report, all favors weigh in favor of IPT and the Court finds that the motion with respect to Dr. Bovik's Third Supplemental Report shall be granted.

Likewise, at the time before the Prior Case was stayed, it would have also been important to allow Mr. Benoit to update his analysis to include these asserted non-infringing alternatives. However, since then the Court has granted leave for IPT to serve the Second Supplemental Expert Report of Paul C. Benoit, the importance of the Mr. Benoit's First Supplemental Report has waned. Accordingly, for Mr. Benoit's First Supplemental Report, this factor weighs in Samsung's favor. Weighing all of the factors together, the Court finds that the Motion with respect to Mr. Benoit's First Supplemental Report shall be granted.

### IV.     CONCLUSION

In sum, the Court finds that the balance of factors support granting the Motion with respect to both Dr. Bovik's Third Supplemental Report and Mr. Benoit's First Supplemental Report. Therefore, the Court **GRANTS** IPT's Motion.

**SIGNED this 14th day of May, 2020.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE