IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| IMAGE PROCESSING TECHNOLOGIES, LLC, | § § § § § | |
| Plaintiff, | | |
| v. | § § § § § § § § | CIVIL ACTION NO. 2:20-CV-00050-JRG-RSP |
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., | | |
| Defendants. | | |

## MEMORANDUM ORDER

Before the Court is Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.'s (collectively, "Samsung") Motion to Bifurcate Willfulness (the "Motion"). (Dkt. No. 90.) Having considered the Motion and the briefing, the Court is of the opinion that the Motion should be and hereby is **DENIED**.

### I. BACKGROUND

Plaintiff Image Processing Technologies, LLC ("IPT") sued Samsung on May 13, 2016 for infringement of various patents, including U.S. Patent No. 6,959,293 (the "'293 Patent," or the "Asserted Patent"). (2:16-cv-00505 (the "Underlying Case"), Dkt. No. 1.) On October 17, 2017, the Court stayed the Underlying Case pending completion of various post-grant proceedings involving the asserted patents. (2:16-cv-00505, Dkt. Nos. 303, 306.) On February 24, 2020, the Court lifted the stay of the Underlying Case as to Claim 1 of the '293 Patent (the "Asserted Claim") and severed all issues and causes of action pertaining to Claim 1 into the above-captioned case. (Dkt. No. 1 at 7.)

Samsung filed the present Motion on April 7, 2020. (Dkt. No. 90.) In the present Motion, Samsung moves the Court to bifurcate the trial pursuant to Fed. R. Civ. P. 42(b). (*Id*. at 5–6.) Specifically, Samsung proposes that "the Court bifurcate the issue of willfulness such that liability and damages would be addressed in a first trial, followed by a second trial (if necessary) before the same jury on willfulness." (*Id*. at 1.)

## II. LEGAL STANDARD

"'A motion to bifurcate is a matter within the sole discretion of the trial court . . ..'" *Briggs v. State Farm Fire & Cas. Co.*, 673 F. App'x 389, 390 (5th Cir. 2016) (per curiam) (quoting *First Texas Sav. Ass'n v. Reliance Ins. Co.*, 950 F.2d 1171, 1174 n.2 (5th Cir. 1992)); *accord White v. Bloomberg*, 501 F.2d 1379 (4th Cir. 1974) (noting district courts are permitted considerable discretion in exercising their powers under the rule); *see also, generally,* 9 Charles Alan Wright, et al., Federal Practice and Procedure §§ 2381, 2387–92, at 427, 470–515 (1990) (broad discretion).

Notwithstanding the broad discretion conferred by Rule 42(b), the bifurcation of issues and resulting separate trials is not the usual course of events. Wright, *supra* at 474. Nothing else appearing, a single trial is more expedient and efficient. *Industrias Metalicas Marva, Inc. v. Lausell*, 172 F.R.D. 1, 2 (D.P.R. 1997); *Johns Hopkins Univ. v. Cellpro*, 160 F.R.D. 30, 35 (D. Del. 1995). The party requesting separate trials bears the burden of convincing the court that such an exercise of its discretion will (1) promote greater convenience to the parties, witnesses, jurors, and the court, (2) be conducive to expedition and economy, and (3) not result in undue prejudice to any party. *Brad Ragan, Inc. v. Shrader's Inc.*, 89 F.R.D. 548, 550 (S.D. Ohio 1981); *Smith v. Alyeska Pipeline Service*, 538 F. Supp. 977 (D. Del. 1982), *aff'd*, 758 F.2d 668 (Fed. Cir. 1984), *cert. denied*, 471 U.S. 1066 (1985); *see also* Wright, *supra* at 482 (p. 101, 1999 Pocket Part). Merely presenting some proof which supports bifurcation is not sufficient to meet this high burden. *Willemijn Houdstermaatschaapij BV v. Apollo Comput. Inc.*, 707 F. Supp. 1429, 1433–34 (D. Del. 1989).

**III. ANALYSIS**

Samsung argues that bifurcation is warranted in this case because IPT's "willfulness claim implicates voluminous, confusing, and unduly prejudicial evidence spanning twenty years of alleged pre-suit communications and post-suit litigation, all of which is entirely irrelevant to liability and damages." (Dkt. No. 90 at 1.) Samsung asserts that, in order to respond to IPT's willfulness claims, Samsung will need to put on evidence of pre-suit communications in which Samsung explained why the asserted claims were invalid and Samsung will need to introduce evidence of the numerous post-suit events that occurred in the Underlying Case such as *inter partes* reviews, "an *ex parte* reexamination, and invalidity proceedings before this Court." (*Id.*) Samsung argues the case is complicated enough without willfulness and that adding willfulness into the same trial as liability and damages would only further complicate things and cause undue prejudice and juror confusion. (*Id.* at 1–2, 6.) Samsung also represents that if the Court grants its Motions *in Limine* Nos. 6, 23, and 24, then this Motion would be moot. (*Id.* at 2; Dkt. No. 107 at 2.)

IPT responds first that Samsung's Motion is untimely, second that Samsung "grossly overstate[s]" the complexity and potential confusion, and third that bifurcation would prejudice IPT and burden the Court. (Dkt. No. 103 at 1–2.) IPT argues that Samsung's Motion essentially redoes the Joint Pre-Trial Order (Dkt. No. 77) filed three days before the filing of this Motion. (Dkt. No. 103 at 2.) IPT represents that Samsung never sought to bifurcate nor mentioned bifurcation until after the Parties filed their Joint Pre-Trial Order. (*Id.* at 3.) As such, IPT argues that the Motion is untimely and is simply gamesmanship. (*Id.* (*citing Pharmerica Corp. v. Advanced HCS LLC*, No. 2:17-CV-00180-JRG, 2018 WL 3326822, at *2 (E.D. Tex. May 1, 2018).) IPT also argues that bifurcation would "greatly inconvenience all those associated with the trial" by requiring two separate trials. (*Id.* at 7.) Further, IPT asserts that bifurcation would

not promote judicial economy but would actually hamper it because "evidence relevant to willfulness is intertwined with evidence of infringement and damages." (*Id*. at 7–8 (*citing Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.*, No. 2:15-CV-00011-RSP, 2017 WL 5137401, at *6 (E.D. Tex. Nov. 4, 2017), *rev'd on other grounds*, 2020 WL 1856498 (Fed. Cir. Apr. 14, 2020).) Additionally, IPT argues that Samsung has not shown prejudice warranting bifurcation because the Parties have largely excluded the evidence Samsung points to as prejudicial through the Parties' Motions *in Limine* practice. (Dkt. No. 103 at 8–9.) Finally, IPT asserts that the jury will "be able to sort out evidence relevant to willfulness from evidence relevant to other issues." (*Id*. at 11.)

Samsung replies that its Motion is timely because there was no missed deadline for a motion to bifurcate and because the briefing on the Motion would be complete before the pre-trial conference in this case. (Dkt. No. 107 at 1.) Samsung also reiterates that to respond to willfulness, Samsung will need to present evidence showing that Samsung successfully challenged and invalidated many claims in post-suit proceedings. (*Id*. at 2.) Further, Samsung argues again that the Parties' long history prior to the suit and during the stayed period of the Underlying Case would confuse the jury and unduly prejudice Samsung. (*Id*. at 5.)

IPT again responds, in its sur-reply, that Samsung was untimely in filing this Motion and that there was no reason Samsung did not bring this bifurcation issue to IPT's attention when the Parties were negotiating their Joint Pre-Trial Order. (Dkt. No. 113 at 1.) IPT also restates its previous response that bifurcation would be burdensome "on jurors, the Court, the witnesses, and the [P]arties." (*Id*.) IPT also argues that some of the evidence relevant for willfulness is relevant and necessary for IPT's liability and damages case as well. (*Id*. at 2.) Further, IPT asserts that Samsung has no basis to point to the post-suit PTAB proceedings or this Court's ruling on other

patents in the Underlying Case because they all occurred after Samsung was on notice of infringement. (*Id.* at 4.) Finally, IPT again reiterates that it has faith that the jury will properly abide by the Court's instructions relating to the proper consideration of evidence. (*Id.* at 5.)

Having considered the facts of this case and the Parties' arguments, the Court finds that Samsung has not met the high burden required to show that bifurcation is warranted.[1] First, judicial economy does not support bifurcating this trial. "[A] finding of no infringement could eliminate the need for a trial on willfulness, but a finding of infringement would require a second trial—an inefficient outcome given that evidence relevant to willfulness is intertwined with evidence of infringement and damages." *Ericsson*, 2017 WL 5137401, at *6. The Court believes that requiring the Parties, juror members, witnesses, and the Court to attend two separate trials would be unnecessarily burdensome.

Second, Samsung has not shown that it will be unduly prejudiced if bifurcation is not granted. Samsung itself indicates that Motion *in Limine* practice could resolve much of the prejudice of which Samsung complains. (Dkt. No. 90 at 2 (indicating that this Motion would be mooted by the granting of Samsung's Motion *in Limine* Nos. 6, 23, and 24); Dkt. No. 107 at 2.) The Court has already addressed the Parties' Motions *in Limine* and has granted Samsung's Motions *in Limine* Nos. 23 and 24. (Dkt. No. 171 at 10.) The Court also granted-in-part and denied-in-part Samsung's Motion *in Limine* No. 6. (*Id.* at 7–8.) The Court granted Motion *in Limine* No. 6 as it related to some communications during the effective period of the standstill agreement and the effective period of the NDA—*i.e.*, between October 3, 2013 through July 1, 2015, and March 2, 2016 through May 13, 2016. (*Id.* at 7.) From the briefing in the Motion, Samsung seemed to be particularly concerned about these communications. (Dkt. No. 90 at 6–7

---

[1] The Court choses to treat the Motion as timely filed.

(discussing the potential confusion and prejudice of introducing evidence regarding the Parties' pre-suit negotiations and discussions).) Thus, the Court believes that much of the prejudice that Samsung was concerned about has already been addressed and cured by the Motions *in Limine*.

In terms of Samsung's concerns for juror confusion, the Court believes that those concerns can be adequately addressed with redactions of certain portions of documents or with instructions to the jury. The Court has faith that the jury in this trial will properly abide by the instructions relating to the proper consideration of evidence for those specific issues submitted for their determination. If there is any credible evidence that such has not occurred, the Court has various post-trial tools to address the same. The jury to be empaneled in this trial is entitled to a strong presumption that it will follow the Court's instructions faithfully.

### IV. CONCLUSION

For the foregoing reasons, the Court finds that Samsung has not met its burden under Rule 42 to demonstrate that an exercise of the Court's broad discretion is warranted. The Court is of the opinion that a single trial will be expedient and efficient, as is the normal course. Accordingly, for the aforementioned reasons, the Court hereby **DENIES** Samsung's Motion to Bifurcate Willfulness. (Dkt. No. 90.)

**SIGNED this 18th day of June, 2020.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE