**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| IMAGE PROCESSING TECHNOLOGIES, LLC, § § § *Plaintiff*, § § v. § § SAMSUNG ELECTRONICS CO., LTD., § and SAMSUNG ELECTRONICS § AMERICA, INC., § § *Defendants*. § | Case No. 2:20-cv-00050-JRG-RSP |

**MEMORANDUM ORDER**

Before the Court is Defendants Samsung Electronics Co., Ltd.'s and Samsung Electronics America, Inc.'s ("Samsung") Motion to Strike and Exclude Portions of the Expert Reports of Plaintiff's Experts Dr. Bovik and Dr. Zavadsky ("Motion"). **Dkt. No. 25**. Samsung's Motion seeks to strike portions of Plaintiff Image Processing Technologies, LLC's ("IPT") technical experts Dr. Bovik's and Dr. Zavadsky's reports. Samsung filed a notice indicating that §IV. E. and §IV. F. of their Motion are now moot.

After due consideration, the Court **DENIES** the Motion. Furthermore, since the Court is not restricting Dr. Bovik's opinions, the Court notes that Mr. Benoit's testimony will not be limited in its reliance on Dr. Bovik's opinions.

**I. BACKGROUND**

The Motion, including briefing, was refiled in the present case on March 10, 2020. The Motion was originally filed in Case No. 2:16-cv-00505-JRG ("Prior Case"), which was stayed on October 17, 2017 pending completion of Inter Partes Review ("IPR") involving the asserted patents. Image Processing Technologies, LLC v. Samsung Electronics Co., Ltd. et al., 2:16-cv-

00505-JRG, Dkt. No. 356 at 1-2. The present case is severed from the Prior Case. Timeliness concerns relate to the filing dates and docket control orders issued in the Prior Case.

On June 30, 2017, IPT served opening expert reports. Dkt. No. 26 at 6. These reports included those of Dr. Zavadsky and Dr. Bovik, IPT's technical experts, and Mr. Benoit, IPT's damages expert. *Id.* Two of the nine accused algorithms, the Visual Recognition Acceleration ("VRA") algorithm and the ArcSoft Face Tracking ("ArcSoft FT") algorithm, are relevant to the present motion. Dkt. No. 25 at 6.

## II. LEGAL STANDARD

Federal Rule of Evidence 702 permits expert witness testimony if:

> "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case."

Fed. R. Evid. 702. The district court "ensur[es] that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharm. Inc.*, 509 U.S. 579, 579-80 (1993). Relevance is a low bar. Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Fed. R. Evid. 401.

Regarding reliability, part of that inquiry is whether the data utilized in the methodology is sufficiently tied to the facts of the case. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 150 (1999). The burden is on the party offering the expert testimony to establish admissibility by

a preponderance of the evidence. *Moore v. Ashland Chem., Inc.*, 151 F.3d 269, 276 (5th Cir. 1998) (en banc).

However, "the question of whether the expert is credible or the opinion is correct is generally a question for the fact finder, not the court." *Summit 6, LLC v. Samsung Elecs. Co.*, 802 F.3d 1283, 1296 (Fed. Cir. 2015), citing *Apple Inc. v. Motorola, Inc.*, 757 F.3d 1286, 1314 (Fed. Cir. 2014), overruled on other grounds by *Williamson v. Citrix Online, LLC*, 792 F.3d 1339 (Fed. Cir. 2015) (en banc). "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596.

### III. ANALYSIS

After mooting §IV. E. and §IV. F. of the present Motion, five disputes remain: 1) Dr. Bovik's and Dr. Zavadsky's opinions regarding the VRA algorithm, 2) Dr. Bovik's opinions regarding patent's alleged benefits, 3) IPT's Third Supplemental Expert Report of Dr. Alan C. Bovik ("Dr. Bovik's Third Supplemental Report"), 4) Dr. Bovik's opinions regarding Samsung's alleged knowledge, and 4) Dr. Bovik's reliance on Dr. Zavadsky's report.

In a previous order, the Court addressed Samsung's Motion to Exclude Portions of the Testimony of Image Processing's Damages Expert Mr. Paul C. Benoit. Dkt. No. 124, ruling on Dkt. No. 26. In the subsection Motion to Strike: Mr. Benoit's First Supplemental Report, the Court noted that if the Court decided to strike Dr. Bovik's opinions, then Mr. Benoit's testimony would be limited to the same extent. Dkt. No. 124 at 11. As the Court now reviews Dr. Bovik's opinion's admissibility, the Court also includes a brief addendum regarding Mr. Benoit's opinions that rely on Dr. Bovik's opinions.

### a. The VRA Algorithm

Samsung asserts that IPT's failure to assert that the VRA algorithm infringes until the opening expert reports is so untimely as to warrant exclusion. Dkt. No. 25 at 8-10. IPT counters that they did not have knowledge of the VRA algorithm until then due to Samsung's failure to provide adequate discovery. Dkt. No. 25-2 at 6.

IPT argues that they served an interrogatory asking Samsung to identify all algorithms it uses for "face detection," and Samsung responded with a generic response directing IPT to look in the source code, then produced terabytes of source code. *Id.* Samsung does not deny this, instead suggesting a word search across multiple terabyte hard drives, a search IPT fairly notes would produce countless irrelevant files. Dkt. No. 25-20 at 4-5, Dkt. 25-21 at 4-5.

The Court agrees that IPT's discovery of the VRA code was delayed by the lack of identification of any algorithms Samsung uses for face detection. Accordingly, the Court does not find it appropriate to strike Dr. Bovik's and Dr. Zavadsky's expert reports related to the source code for the VRA algorithm and **DENIES** Samsung's request on this ground.

### b. Dr. Bovik's "Other" Opinions

Samsung argues that Dr. Bovik's opinions under a label, "Other Opinions" should be struck for lack of methodology. Dkt. No. 25 at 10. These opinions do not relate to the finer points of functionality but rather to broad concepts such as consumer perceptions and expectations. These are conclusions that stand on Dr. Bovik's experience in the field. IPT notes that the wholesale removal of these opinions would strike statements that are as uncontroversial as "consumers are generally not professional photographers." Dkt. No. 25-2 at 17. These conclusions are best addressed by cross-examination, not exclusion, and the court **DENIES** Samsung's request on this ground.

### c. Dr. Bovik's Third Supplemental Report

Samsung argues that Dr. Bovik's Third Supplemental Report should be struck for offering opinions regarding non-infringing alternatives that should have been offered in his opening reports. Dkt. No. 25 at 13. This conflict is rooted in Samsung's failure to clearly identify alleged non-infringing alternatives in their response to IPT's Interrogatory No. 20, which is detailed thoroughly in a previous order. Dkt. No. 123. For the same reasons the Court granted IPT's Conditional Motion for Leave to Supplement Expert Reports, the Court **DENIES** Samsung's request on this ground.

### d. Dr. Bovik's Opinions Regarding Samsung's Alleged Knowledge

Samsung asserts that Dr. Bovik's opining on Samsung's knowledge and notice of the patents is mere speculation about what Samsung might have known and should be struck. Dkt. No. 25 at 15-16. In many circumstances the Court would agree, but here IPT asserts that Dr. Bovik's statements are only put forward as a predicate to opinions regarding induced infringement, which requires knowledge of the patent. Dkt. No. 25-2 at 18. IPT notes that Dr. Bovik precedes each statement about Samsung's knowledge with the language, "I understand that" and follows with a citation to why it is his understanding. Dkt. No. 25-2 at 18, citing Expert Report of Dr. Alan C. Bovik ¶¶ 295-303. The Court **DENIES** Samsung's request on this ground, with the understanding that ¶¶ 295-303 of the Expert Report of Dr. Alan C. Bovik is not to be used as evidence of knowledge, but merely as predicates to infringement and inducement. Knowledge and notice may be assumed by Dr. Bovik but will have to be proved by other evidence.

### e. Dr. Bovik's Reliance on Dr. Zavadsky's Report

Samsung argues that Dr. Bovik may not testify about the contents of Dr. Zavadsky's report because the expert report is inadmissible. Dkt. No. 25 at 18. IPT counters that Dr. Bovik is not

merely parroting Dr. Zavadsky's report but rather reasonably relying on Dr. Zavadsky's findings as an experienced technical reviewer that assisted Dr. Bovik in his review of the Accused Features and Accused Instrumentalities. Dkt. No. 25-2 at 15-16.

An expert is not permitted to act as a mere conduit to place inadmissible hearsay testimony by another expert on the record. However, courts regularly permit experts to rely on other experts that by industry standards they can reasonably rely on. *See Apple Inc. v. Motorola, Inc.*, 757 F.3d 1286, 1321 (Fed. Cir. 2014). For example, an examining doctor may reasonably rely on information from a radiologist regarding the contents of an x-ray image in order to diagnose a patient.

IPT has indicated that Dr. Zavadsky assisted Dr. Bovik as an expert in reverse engineering and reviewing source code. Dkt. No. 25-21 at 7. It is reasonable for Dr. Bovik, as a technical expert, to rely on Dr. Zavadsky's expertise in these areas. Further, IPT notes that Samsung took Dr. Zavadsky's deposition and can cross-examine Dr. Bovik about Dr. Zavadsky's analysis. The Court agrees. Accordingly, the Court also **DENIES** Samsung's request on this ground.

### f. Motion to Strike: Mr. Benoit's First Supplemental Report

In a previous order, the Court addressed Samsung's Motion to Exclude Portions of the Testimony of Image Processing's Damages Expert Mr. Paul C. Benoit. Dkt. No. 124, ruling on Dkt. No. 26. In the subsection Motion to Strike: Mr. Benoit's First Supplemental Report, the Court noted that if the Court decides to strike Dr. Bovik's opinions, then Mr. Benoit's testimony will be limited to the same extent. Dkt. No. 124 at 11. Since the Court is not restricting Dr. Bovik's opinions, the Court notes that Mr. Benoit's testimony will not be limited in its reliance on Dr. Bovik's opinions.

## IV. CONCLUSION

In sum, the Court finds that the proper avenue for responding to the issues raised in the Motion is through cross-examination, not exclusion. Therefore, the Court **DENIES** Samsung's Motion.

**SIGNED this 18th day of June, 2020.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE