IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| IMAGE PROCESSING TECHNOLOGIES, LLC, | § § § | |
| *Plaintiff*, | § § § | |
| v. | § § | Case No. 2:20-cv-00050-JRG-RSP |
| SAMSUNG ELECTRONICS CO., LTD., and SAMSUNG ELECTRONICS AMERICA, INC., | § § § § § | |
| *Defendants*. | § § | |

## MEMORANDUM ORDER

Before the Court is Plaintiff Image Processing Technologies, LLC's ("IPT") Motion to Strike Portions of Expert Reports and Preclude Certain Testimony of Dr. Robert L. Stevenson ("Motion"). **Dkt. No. 15**. IPT's Motion seeks to strike portions of three expert reports from Samsung's technology expert Dr. Robert L. Stevenson ("Dr. Stevenson") and preclude Dr. Stevenson from giving certain testimony.

After due consideration, the Court **GRANTS-IN-PART** and **DENIES-IN-PART**. The Court accordingly **ORDERS** that Dr. Stevenson's Third Report ¶¶ 579-580, and both §VII(A) and §VII(B) which includes ¶¶ 63-67, be **STRICKEN** from his report and related testimony.

### I.   BACKGROUND

The Motion, including briefing, was refiled in the present case on March 10, 2020. The Motion was originally filed in Case No. 2:16-cv-00505-JRG ("Original Action"), which was stayed on October 17, 2017 pending completion of *Inter Partes* Review ("IPR") involving the asserted patents. Image Processing Technologies, LLC v. Samsung Electronics Co., Ltd. et al., 2:16-cv-00505-JRG, Dkt. No. 356 at 1-2. The present case is severed from the Original Action.

Timeliness concerns relate to the filing dates and docket control orders issued in the Original Action. A timeline of relevant dates follows.

On June 30, 2017, Samsung served IPT the Expert Report of Prof. Robert Louis Stevenson Regarding Invalidity of U.S. Patent Nos. 6,959,293; 8,893,134; 6,717,518 ("Dr. Stevenson's First Report"). Dkt. No. 12-8. On July 26, 2017, Samsung served IPT the Rebuttal Technical Expert Report of Prof. Robert Louis Stevenson ("Dr. Stevenson's Second Report"). Dkt. No. 17-5. On August 25, 2017, Samsung served IPT the Supplemental Rebuttal Expert Report of Dr. Robert Louis Stevenson ("Dr. Stevenson's Third Report"). Dkt. No. 17-6.

In the years since then, much has changed. The only live patent claim in this case is Claim 1 of U.S. Patent No. 6,959,293 (the "'293 Patent"). Dkt. No. 1 at 7. Samsung no longer asserts invalidity as a defense in this case. Dkt. No. 67 at 2. The Court has found several motions that were filed in the Original Action and then re-filed in the present action are moot. Dkt. No. 125, Dkt. No. 139, Dkt. No. 153.

The present Motion asks the Court to strike portions of Dr. Stevenson's First Report, Dr. Stevenson's Second Report, and Dr. Stevenson's Third Report. Dkt. No 15 at 5. The Court will analyze the arguments sequentially in the order they appear in the present Motion as they relate to different legal issues, several of which are mooted or have been remedied by prior orders.

## II. ARGUMENTS

### a. Dr. Stevenson's Opinions Based on Improper Pirim Testimony Should be Stricken and Precluded from Trial

IPT asserts that Dr. Stevenson relies on the deposition testimony of Patrick Pirim ("Mr. Pirim"), the '293 Patent's inventor, for various purposes. Dkt. No. 15 at 5-8. These purposes include supporting invalidity contentions, support for a prior art argument regarding the GVPP-6

chip, and specifically in Dr. Stevenson's Third Report at ¶¶ 172 and 579, an argument that "the asserted patents do not cover algorithms that are computationally intensive such as the cascaded Haar filter or Viola-Jones." *Id.* Mr. Pirim has not been designated or disclosed as an expert in this case.

Samsung no longer asserts invalidity as a defense in this case. Dkt. No. 67 at 2. As such, the first two issues here are **MOOT**. The third issue remains. In Dr. Stevenson's Third Report at ¶ 172, he cites Mr. Pirim's testimony as follows:

> "For example, the named inventor of the Asserted Patents, Patrick Pirim, stated at his deposition:
>
> Q. Are there other technologies, other ways to detect faces in an image that do not use the technology you developed?
>
> MR. CHAPMAN: Objection to form.
>
> A. Yes.
>
> Q. What are some of those other methods that -- as you can recall now?
>
> A. For example, Viola and Jones in 2005 developed a method that is used in practically all current devices.
>
> Q. And you did not develop or invent the Viola-Jones method, correct?
>
> A. The method is completely different. It's extremely calculation-heavy. However, they had results quickly and they were encouraged naturally by the fact that it works. So even if it's very calculation-heavy, it works.

>Patrick Pirim Dep. Tr. 112:10 - 114:23."

Dkt. No. 15-6 at 3-4. Samsung argues that regarding this issue, IPT is misinterpreting Mr. Pirim's testimony about the Viola-Jones algorithm, Haar algorithm, and others as "testimony regarding what the asserted patents cover." Instead, Samsung contends the testimony is directed to whether the GVPP-6 used such methods. If Samsung is correct, the testimony is not relevant because invalidity is no longer asserted. On the other hand, if Samsung were to use this segment of ¶ 172 for a non-infringement argument, it would be an improper expert opinion from Mr. Pirim. Accordingly, the Court will **STRIKE** this segment of ¶ 172 of Dr. Stevenson's Third Report, leaving the remaining text:

>"172. The Face Detection algorithms (MCT FD, MVFD, VRA, LBP FD, ArcSoft FD, Omron FD, and Omron HW FD) and Eye Detection algorithms (MCT ED, LBP ED, and ArcSoft ED) all operate to detect faces (or eyes) based on sets of filters that are prepared offline in advance using a large collection of known face or eye images to "train" the filters.3 These algorithms are often referred to as cascaded Haar filter algorithms or Viola-Jones algorithms (discussed further below) because they apply multiple filters to each area of the image to identify patters that resemble those in the set of images used to train the filters. This makes these algorithms very computationally intensive, which is actually the opposite of what the Asserted Patents seek to achieve."

Likewise**,** the Court **STRIKES** ¶¶ 579-580 in Dr. Stevenson's Third Report.

### b. Dr. Stevenson's Untimely Invalidity Opinions Should be Stricken and Precluded from Trial

Samsung no longer asserts invalidity as a defense in this case. Dkt. No. 67 at 2. As such, this issue is **MOOT**.

### c. Dr. Stevenson's Determination of Comparable Licenses is Unreliable and His Testimony Regarding Samsung's Licenses Should Be Excluded from Trial

In ¶¶ 62-75 of Dr. Stevenson's Second Report, Dr. Stevenson describes several patent license agreements Samsung entered with third parties. Dkt. No. 15-9 at 26-34. IPT asserts two objections: (1) that Dr. Stevenson concludes that the Adrian and Cutting Edge license agreements are technologically comparable to the asserted patents without performing a sufficient analysis, and (2) that additional patents were discussed without an opinion regarding comparability between those patents and the asserted patents.

Whether Dr. Stevenson sufficiently analyzes the technical comparability with the asserted patents no longer requires the asserted *Laserdynamics, Inc.* analysis by the Court. The Adrian and Cutting Edge license agreements were technologically compared in his report only to U.S. Patent Nos. 5,831,669, 8,467,672, and 9,485,403, all patents that are not asserted in the present case. Dkt. No. 15-9 at 28-29. Dr. Stevenson provides no technical comparison to the '293 Patent, the only patent at issue in the present case. Accordingly, the Court **STRIKES** §VII(A) and §VII(B) from Dr. Stevenson's Second Report, which includes ¶¶ 63-67.

Regarding the additional patents, IPT's Motion *in Limine* #14 addressed them and provided the appropriate remedy: Samsung is not precluded from presenting the non-comparable licenses, but the dollar amounts from the licenses shall be redacted. Dkt. No. 171 at 5.

Accordingly, the motion is denied as to the second issue here, with the instruction that Dr. Stevenson will not refer to the dollar amounts redacted from the licenses.

### d. Dr. Stevenson's Opinions Regarding Non-Infringing Alternatives Not Disclosed in Discovery Should Be Excluded

Samsung's failure to clearly identify FotoNation as a non-infringing alternative before Dr. Stevenson's Third Report is discussed in a previous order. Dkt. No. 123 at 5-7. This issue was remedied in that order by granting IPT leave to file the September 7, 2017 Supplement to the Expert Report of Paul C. Benoit. *Id.* at 4, 8. Furthermore, both parties were granted leave to serve additional supplemental reports by the Amended Docket Control Order of March 27, 2020. Dkt. No. 62. Any prejudice caused by Samsung's lack of clear identification of FotoNation as a non-infringing alternative has been mitigated, and the Court **DENIES** striking the opinion.

### e. Dr. Stevenson's Opinions Regarding Prior Art Related to Samsung's IPRs Should Be Stricken and Precluded from Trial

Samsung no longer asserts invalidity as a defense in this case. Dkt. No. 67 at 2. As such, this issue is **MOOT**.

## III. CONCLUSION

In sum, the Court **ORDERS** that Dr. Stevenson's Third Report ¶¶ 579-580, and both §VII(A) and §VII(B) which includes ¶¶ 63-67, be **STRICKEN** from the reports and any related testimony.

**SIGNED this 23rd day of June, 2020.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE