## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| IMAGE PROCESSING | § | |
| TECHNOLOGIES, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Case No. 2:20-cv-00050-JRG-RSP |
| | § | |
| SAMSUNG ELECTRONICS CO., LTD., | § | |
| and SAMSUNG ELECTRONICS | § | |
| AMERICA, INC., | § | |
| | § | |
| *Defendants*. | § | |

## <u>MEMORANDUM ORDER</u>

Before the Court is Plaintiff Image Processing Technologies, Inc.'s ("IPT") Corrected

Motion to Strike Parts of Supplemental Expert Report of Michael E. Tate ("Motion"). **Dkt. No.**

**129**. IPT's Motion seeks to strike parts of the Supplemental Expert Report of Michael E. Tate

("2020 Tate Report") served by Defendants Samsung Electronics Co., Ltd. and Samsung

Electronics America, Inc. (collectively, "Samsung") on April 29, 2020.

## I.    INTRODUCTION

The present case is severed from Case No. 2:16-cv-00505-JRG ("Original Action"),

which was stayed on October 17, 2017 pending completion of *Inter Partes* Review ("IPR")

involving the asserted patents. *Image Processing Technologies, LLC v. Samsung Electronics Co.,*

*Ltd. et al*., 2:16-cv-00505-JRG, Dkt. No. 356 at 1-2.

In the years since then, much has changed. The only live patent claim in this case is

Claim 1 of U.S. Patent No. 6,959,293 (the "'293 Patent"). Dkt. No. 1 at 7. Samsung no longer

asserts invalidity as a defense in this case. Dkt. No. 67 at 2. The Court has found several motions

that were filed in the Original Action and then re-filed in the present action are moot. Dkt. No.

125, Dkt. No. 139, Dkt. No. 153.

The present Motion, filed May 15, 2020, asks the Court to strike portions of the 2020

Tate Report. Some of the arguments presented echo arguments in IPT's Daubert Motion to

Exclude the Testimony of Michael E. Tate, which was originally filed in the Original Action.

Dkt. No. 14. That motion was decided on June 22, after the filing of the present motion. Dkt.

184. Other arguments are dependent on motions *in limine* ("MILs"), which have since been ruled

on. Dkt. No. 129 at 5-7.

IPT's Motion seeks to strike the following from the 2020 Tate Report: (1) reference to

dismissed or non-asserted claims, patents, or products and product features not accused in this

case, (2) reference to alleged non-infringing alternatives not disclosed during fact discovery, (3)

reliance on evidence not disclosed during discovery, and (4) reliance on documents dated after

discovery.

## II.    LEGAL STANDARD

Federal Rule of Evidence 702 permits expert witness testimony if:

> "(a) the expert's scientific, technical, or other specialized
> knowledge will help the trier of fact to understand the evidence or
> to determine a fact in issue; (b) the testimony is based on sufficient
> facts or data; (c) the testimony is the product of reliable principles
> and methods; and (d) the expert has reliably applied the principles
> and methods to the facts of the case."

Fed. R. Evid. 702. The district court "ensur[es] that an expert's testimony both rests on a

reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharm. Inc.*, 509

U.S. 579, 579-80 (1993). Relevance is a low bar. Evidence is relevant if: (a) it has any tendency

to make a fact more or less probable than it would be without the evidence; and (b) the fact is of

consequence in determining the action. Fed. R. Evid. 401.

Regarding reliability, part of that inquiry is whether the data utilized in the methodology is sufficiently tied to the facts of the case. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 150 (1999). The burden is on the party offering the expert testimony to establish admissibility by a preponderance of the evidence. *Moore v. Ashland Chem., Inc.*, 151 F.3d 269, 276 (5th Cir. 1998) (en banc).

However, "the question of whether the expert is credible or the opinion is correct is generally a question for the fact finder, not the court." *Summit 6, LLC v. Samsung Elecs. Co.*, 802 F.3d 1283, 1296 (Fed. Cir. 2015), citing *Apple Inc. v. Motorola, Inc.*, 757 F.3d 1286, 1314 (Fed. Cir. 2014), overruled on other grounds by *Williamson v. Citrix Online, LLC*, 792 F.3d 1339 (Fed. Cir. 2015) (*en banc*). "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596.

## III.   ANALYSIS

### a.   Opinions Relying on Motions In Limine Excluded Matter

IPT argues that the 2020 Tate Report relies on inadmissible material that IPT has moved to exclude in MILs. Dkt. No. 129 at 6-8. The Motion cites MILs No. 1, 2, 8, 16, and 22. *Id.* MILs No. 1, 2, and 16 were granted, with carveouts. Dkt. No. 171 at 2, 5. MIL No. 22 was denied. *Id.* at 6. MIL No. 8 was deferred in the Order on Motions *In Limine*. *Id.* at 3. Later, MIL No. 8 was denied in a Memorandum Order. Dkt. No. 185 at 1.

IPT cites the following portions of the 2020 Tate Report as relying on inadmissible material: ¶¶ 4, 18-34, 40-47, 49-51, 62, 65 (part), 66 (part), 69 (part), 72 (part), 73 (part), 74 (part), 89-91, 93, 93 n. 128-134, 95, and Supplemental Exhibit 3 (part). Dkt. No. 129 at 6-9.

After reviewing the cited sections of the 2020 Tate Report, and resolving them according to the MILs, the Court finds the following sections are **STRICKEN** in accordance with MILs. A section from the above list not being struck in this table does not assure its admissibility at trial, but merely indicates that said section does not violate IPT MILs No. 1, 2, or 16.

| Sections Stricken | MIL Violated |
|---|---|
| ¶¶ 4, 18, 40, 50 from "[t]he hypothetical license would now . . . ." through the end of the paragraph, 51 from "[t]his is conservative . . ." through ". . . my Initial Expert Report," 62,  74 from "Given, among other changes above . . ." through ". . . from the April 2008 hypothetical negotiation," | IPT MIL No. 1 (Other Patents) |
| ¶¶ 19-20, 25-34, 44 | IPT MIL No. 16 (Unaccused Products) |
| N/A | IPT MIL No. 2 (PTO Proceedings) |
| ¶ 72 from "Mr. Harbaugh, the prior patent owner . . ." through "[t]he negotiating positions of Mr. Harbaugh and Image Processing are similar." | IPT MIL No. 7 (Efforts to Sell Patent) |

**b.  Opinions Regarding Non-Infringing Alternatives**

IPT argues that Samsung should not be permitted to rely on Samsung's MVFD, LBP FD, and LBP ED algorithms; ArcSoft's FD, ED, and FT algorithms; and Version 3.02 of Omron code as it was allegedly disclosed for the first time in the 2020 Tate Report and that they would not be available as non-infringing alternatives as they are still accused in the other case. Dkt. No. 129 at 7.

The Court has discussed Samsung's misleading disclosure regarding IPT's Interrogatory No. 20 at length in a previous order. Dkt. No. 123. The Court granted IPT leave to supplement expert reports. *Id.* As discussed in another previous order, the Court does not find striking these alleged non-infringing alternatives justified in light of prior remedies. Dkt. No. 185 at 6-7.

Regarding IPT's argument that these alleged non-infringing alternatives should not be permitted as they are still accused in the Original Action, the Court disagrees. The present case is not the Original Action. Samsung has been precluded from making any reference to the patents and claims in the Original Action by IPT MIL No. 1. Dkt. No. 171 at 2. IPT cannot then use those patents and claims as a basis to dispute Samsung's non-infringing alternatives in the present case. The Court **DENIES** exclusion on this basis.

### c.  Evidence & Documents Not Disclosed During Discovery

IPT argues that opinions referencing the conversation with Ishay Goldin of Samsung regarding Samsung's 2015 move to deep learning or neural network algorithms should be excluded as the algorithms were first introduced in products released well after close of discovery and that Plaintiff has received no related discovery. Dkt. No. 129 at 8. IPT cites no legal authority indicating that an expert may not rely on post-discovery conversations with a fact witness who was timely disclosed in his report. Furthermore, Samsung notes that Mr. Goldin was disclosed as a person with relevant knowledge, and actually deposed, during fact discovery. Dkt. No. 130 at 6-7.

Experts cannot act as mere channels to introduce hearsay, but they may reasonably rely on information from persons who were properly disclosed during discovery. After reviewing the portions of the 2020 Tate Report that IPT asserts as improper, the Court **DENIES** exclusion on this basis.

### d.  Documents Dated After Close of Discovery

Finally, IPT argues that documents regarding FotoNation dated after the close of the discovery period did not exist during the discovery period, and that the evidence should be stricken. Dkt. No. 129 at 8-9. IPT notes that the documents were not produced until long after the close of discovery. *Id.* at 8. However, IPT says that they were disclosed on April 29, 2020. *Id.*

Samsung has an ongoing obligation to update and disclose documents that are part of the initial disclosure as they are discovered. Although after the close of discovery, these documents were disclosed to IPT. Furthermore, IPT took its own discovery of FotoNation. Dkt. No. 130 at 7. IPT cites Dkt. No. 116-2 at ¶ 93, 93 fn. 128-134 as the offending section. After reviewing the section, the Court **DENIES** the request to strike this section on these grounds.

## IV.   CONCLUSION

In sum, the Court **GRANTS-IN-PART** and **DENIES-IN-PART** the requests for exclusion. The Court **STRIKES** from the 2020 Tate Report ¶¶ 4, 18-20, 25-34, 44, ¶ 50 from "[t]he hypothetical license would now . . . ." through the end of the paragraph, ¶ 51 from "[t]his is conservative . . ." through ". . . my Initial Expert Report," ¶ 62, ¶ 72 from "Mr. Harbaugh, the prior patent owner . . ." through "[t]he negotiating positions of Mr. Harbaugh and Image Processing are similar," and ¶ 74 from "Given, among other changes above . . ." through ". . . from the April 2008 hypothetical negotiation."

**SIGNED this 26th day of June, 2020.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE