IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| IMAGE PROCESSING TECHNOLOGIES, LLC, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Case No. 2:20-cv-00050-JRG-RSP |
| SAMSUNG ELECTRONICS CO., LTD., and SAMSUNG ELECTRONICS AMERICA, INC., | § § § § § | |
| *Defendants*. | § | |

**MEMORANDUM ORDER**

Before the Court is Defendants Samsung Electronics Co., Ltd.'s and Samsung Electronics America, Inc.'s (collectively, "Samsung") Daubert Motion to Exclude Portions of the Testimony of the Second Supplemental Expert Report of Paul C. Benoit ("Motion"). **Dkt. No. 131**. Samsung's Motion seeks to strike parts of the Second Supplemental Expert Report of Paul C. Benoit ("2020 Benoit Report") served by Plaintiff Image Processing Technologies, LLC ("IPT"). After due consideration, the Court **DENIES** Samsung's Motion.

**I.     INTRODUCTION**

The present case is severed from Case No. 2:16-cv-00505-JRG ("Original Action"), which was stayed on October 17, 2017 pending completion of Inter Partes Review ("IPR") involving the asserted patents. Image Processing Technologies, LLC v. Samsung Electronics Co., Ltd. et al., 2:16-cv-00505-JRG, Dkt. No. 356 at 1-2.

In the years since then, much has changed. The only live patent claim in this case is Claim 1 of U.S. Patent No. 6,959,293 (the "'293 Patent"). Dkt. No. 1 at 7. Samsung no longer asserts invalidity as a defense in this case. Dkt. No. 67 at 2. The Court has found several motions

that were filed in the Original Action and then re-filed in the present action are moot. Dkt. No. 125, Dkt. No. 139, Dkt. No. 153.

The present Motion, filed May 18, 2020, asks the Court to strike portions of the 2020 Benoit Report. Some of the arguments are repeated arguments incorporated by reference from Samsung's Motion to Exclude Portions of the Testimony of IPT's Damages Expert, Mr. Paul C. Benoit, which was originally filed in the Original Action. Dkt. No. 26. That motion was ruled on May 14, 2020, just a few days before the filing of the present Motion. Dkt. 124. The remaining argument relates to Mr. Benoit's influential feature apportionment. Dkt. No. 131 at 6-9.

IPT's Motion seeks to strike the following from the 2020 Tate Report: (1) Mr. Benoit's influential feature apportionment as unreliable, (2) opinions related to non-infringing alternatives premised on testimony of Dr. Bovik, (3) opinions based on previous reports.

## II. LEGAL STANDARD

Federal Rule of Evidence 702 permits expert witness testimony if:

> "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case."

Fed. R. Evid. 702. The district court "ensur[es] that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharm. Inc.*, 509 U.S. 579, 579-80 (1993). Relevance is a low bar. Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Fed. R. Evid. 401.

Regarding reliability, part of that inquiry is whether the data utilized in the methodology is sufficiently tied to the facts of the case. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137,

150 (1999). The burden is on the party offering the expert testimony to establish admissibility by a preponderance of the evidence. *Moore v. Ashland Chem., Inc.*, 151 F.3d 269, 276 (5th Cir. 1998) (*en banc*).

However, "the question of whether the expert is credible or the opinion is correct is generally a question for the fact finder, not the court." *Summit 6, LLC v. Samsung Elecs. Co.*, 802 F.3d 1283, 1296 (Fed. Cir. 2015), citing *Apple Inc. v. Motorola, Inc.*, 757 F.3d 1286, 1314 (Fed. Cir. 2014), overruled on other grounds by *Williamson v. Citrix Online, LLC*, 792 F.3d 1339 (Fed. Cir. 2015) (*en banc*). "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596.

## III. ANALYSIS

### a. Influential Feature Apportionment

Samsung asserts that Mr. Benoit's conclusion that between 1.76% and 3.64% of smartphone revenue should be apportioned to the facial recognition feature is unreliable. Dkt. No. 131 at 6. Samsung argues that Mr. Benoit simply adopts numbers without analysis and does not demonstrate a basis for identifying an incremental value. Samsung does not point to where in the report Mr. Benoit draws this conclusion "with no analysis." Dkt. No. 131 at 7. Samsung argues that Mr. Benoit's reliance on "Top [Galaxy S5] Influential Features," an internal Samsung survey, fails to identify the incremental value as participants were not limited to identifying just one feature. *Id.* at 8.

IPT counters that Mr. Benoit acknowledged that respondents may have selected multiple influential features and accounted for that by calculating the relative importance by adding up the percentages for each feature and dividing the facial recognition percentage by the total

percentage for relative importance. Dkt. No. 141 at 6. This is a sufficiently reasonable methodology for estimating relative importance, which estimates the incremental value of the feature relative to other features. This methodology led to the relative importance of the facial recognition feature between 1.76% and 3.64%, numbers which were not adopted without analysis. Samsung's challenges to the validity of their own internal survey's data goes to the weight, not admissibility.

Samsung also asserts that Mr. Benoit's methodology is unreliable for being infected with known and potential error. Dkt. No. 131 at 9. Samsung then raises that Mr. Benoit's analysis is based on 26 features identified as influential features but fails to include other components of smartphone revenue. *Id.* At the heart of this issue is Mr. Benoit's conclusion regarding what features are valuable and what are negligible, mirroring the previous *Daubert* challenges to both Mr. Benoit and Mr. Tate over which features to value in a substitution method. These conclusions do not infect the methodology with known error, and to any extent they may be faulty, the issue goes to the weight of the evidence, not its admissibility, and should be addressed on cross-examination, not by a *Daubert* motion.

Samsung argues that whether or not a consumer views a subset of features as influential does not reveal the degree to which each is influential. Dkt. No. 151 at 2. What Samsung is arguing for here is an analysis that indicates the degrees to which each feature in a subset of features is influential. Said another way, Samsung wants to see an analysis that indicates the relative importance of one feature to the others, which is addressed by Mr. Benoit's normalization for ability to choose multiple features in the survey.

Samsung also distinguishes Mr. Benoit's methodology here from Mr. Benoit's methodology in *Polaris Powered Technologies, LLC v. Samsung Elects. America Inc.*, Case No.

2:17-cv-00715-JRG, Dkt. No. 333 at *2. In that case, Defendants Samsung's Daubert Motion to Exclude the Opinions Offered by Paul C. Benoit (Dkt. No. 199) was denied without further opinion. *Id.* Nothing in that case affects the analysis here. Samsung asserts that the surveys in that case were "fundamentally different", where they inquired whether customers found certain features "essential" as opposed to influential." Dkt. No. 151 at 3. However, the Court does not find these surveys fundamentally different based on this metric.

### b. Opinions Based on Dr. Bovik's Testimony

Samsung previously moved to exclude opinions in one of Mr. Benoit's prior reports because they were premised on Dr. Bovik's testimony, which found Samsung's asserted non-infringing alternatives were not acceptable. Dkt. No. 131 at 10, citing Dkt. No. 26 at 13 and Dkt. No. 25 at 10-11. At the time the present Motion was filed, that motion was still pending. Since then, the Court declined to strike Dr. Bovik's opinions and thus allowed Mr. Benoit's reliance on those opinions. Dkt. No. 180 at 1. Samsung has provided no further argument than that the underlying opinions should be stricken. Accordingly, the Court likewise **DENIES** the request to limit the 2020 Benoit Report where it relies on Dr. Bovik's opinions.

### c. Opinions Based on Earlier Benoit Reports

Samsung also previously moved to exclude opinions in Mr. Benoit's June 30, 2017 report and August 22, 2017 report. Dkt. No. 131 at 10, citing Dkt. No. 26 at 4-9 and 14-15. Samsung now moves to exclude opinions in the 2020 Benoit Report that build on the prior opinions that Samsung moved to exclude. Samsung has provided no further argument, and the Court thus **DENIES** the request to limit the 2020 Benoit Report where it relies or builds on Mr. Benoit's previous reports.

## IV. CONCLUSION

In sum, after due consideration, the Court **DENIES** Samsung's Motion on the grounds asserted.

**SIGNED this 29th day of June, 2020.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE