**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| IMAGE PROCESSING TECHNOLOGIES, LLC, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CIVIL ACTION NO. 2:20-CV-00050-JRG |
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., | § § § § | |
| *Defendants.* | § § | |

## **ORDER**

Before the Court is Plaintiff Image Processing Technologies, LLC's ("IPT") Opposed Motion to Continue Trial (the "Motion"). (Dkt. No. 195.) Also, before the Court is Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.'s (collectively, "Samsung") Statement in Response to Plaintiff's Motion to Continue (the "Response") (Dkt. No. 196) and IPT's Response in Support of Its Motion to Continue Trial (the "Reply") (Dkt. No. 197). In the Motion, IPT requests that this Court continue the trial in the above-captioned case from July 6, 2020, to August 2020. IPT seeks this continuance based upon concerns related to COVID-19. In the supporting Declaration of Henry Bunsow, he specifically identifies personal apprehension about traveling through Houston or Dallas, where COVID-19 cases have increasingly been reported, to get to Marshall, Texas for trial.[1] He also sets out specific personal reasons for himself and his co-counsel as a basis to continue the trial in this case.

---

[1] A simple internet search reveals that travel from the West Coast to Marshall, Texas can be accomplished by flying to Little Rock, Arkansas and making a three hour and twenty minute drive from there to Marshall, which does not require travel through airports in Dallas, Houston, or anywhere in Texas. Air travel to Dallas or Houston would require a similar or even longer drive to Marshall.

Samsung represents that it has been preparing diligently for trial to begin on July 6, 2020 in Marshall. Samsung states that most of its trial team is already in Marshall. Furthermore, Samsung represents that various Samsung witnesses and representatives from Korea have already traveled to the United States and have been self-quarantining to ensure compliance with CDC guidelines as a part of this trial. Samsung requests that if a continuance is granted that any resulting continuance be until "a later date when quarantining of visitors from overseas will foreseeably no longer be necessary."[2] Samsung makes this request because it would be a substantial hardship for Samsung's witnesses and representatives to go through the self-quarantining process again, especially since many of them will need to self-quarantine upon returning to their home countries.

Having considered the Motion, the Response, the Reply, the Court's schedule, and the current state of the COVID-19 pandemic in the Marshall Division, the Court is of the opinion that the Motion should **DENIED**. The Court finds that it would be prejudicial to Samsung, its witnesses, and its representatives to continue the trial. Samsung has expended great effort and expense to ensure that all its necessary witnesses and representatives are in Marshall, Texas and have complied in advance with CDC quarantine guidelines. To tell Samsung—so close to the July 6 trial date—that all of its witnesses and representatives must go home and then return in a month or in a year would be unfair and a waste of resources.

Furthermore, the moving of a trial date for a civil jury trial is an arduous task, especially when the trial is only a week away, the many pre-trial disputes have been heard and ruled on, and a jury panel of 125 citizens has been summonsed. Additionally, the Court has undertaken extensive efforts and planning to ensure that the trial in this case can proceed as safely as possible. The Court

---

[2] IPT represents in its Reply (Dkt. No. 197) that it "has no objection to a rescheduled new trial date later than August if, as Samsung suggests, that may be necessary to avoid current travel and quarantine restrictions." As a practical matter this is to an unknown and unknowable date in the future, that guessed at on an optimistic basis would mean continuing this trial well into next year, with no guarantee it could be tried within 2021.

also notes the effect of the current pandemic which has drastically compacted and complicated the Court's trial schedule well into next year. Thus, the movement of a jury trial date at this late date would likely result in a delay of many months given the unavailability of open trial dates in the future.

Finally, Marshall has so far been substantially spared from the current spike in cases of COVID-19 that Dallas and Houston have experienced.[3] Texas is a large and diverse state, and while news from Dallas and Houston dominates the media coverage, the circumstances in less urban areas differ materially. While the Court strives to follow public health guidance from the CDC, the State of Texas, and the Administrative Office of the U. S. Courts, the circumstances in this division and district have not impacted the Court's operations, to date, as it has its sister Texas districts. Considering the totality of the circumstances, the Court believes that a continuance is not warranted at this time. As such, the Motion is hereby **DENIED**.


**So Ordered this**
**Jun 29, 2020**

_____
RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE

---

[3] The Court notes that at the time this Order issued, Harrison County has reported only 16 new cases of COVID-19 in the last week. Texas COVID-19 Trends by County, Texas Health and Human Services (June 29, 2020, 4:23 PM), https://tabexternal.dshs.texas.gov/t/THD/views/COVIDExternalQC/COVIDTrends?%3AisGuestRedirectFromViz portal=y&%3Aembed=y.